IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

HARRY SAMUEL,                        )
                                     )
        Plaintiff,                   )
                                     )
    v.                               )    Civ. No. 05-037-SLR
                                     )
THOMAS CARROLL (WARDEN), LT.         )
PORTER, COUNSELOR KRAMER, and        )
the I.B.C.C. (CLASSIFICATION         )
COMMITTEE) and DENTAL SERVICE,)
                                     )
        Defendants.                  )

**MEMORANDUM ORDER**

At Wilmington this 23rd    day of September, having

reviewed plaintiff's complaint and motion for appointment of

counsel;

IT IS ORDERED that plaintiff's motion for appointment

of counsel (D.I. 15) is denied without prejudice to renew, and

his complaint is dismissed in part as frivolous for the reasons

that follow:

1.    **Introduction.**  Plaintiff Harry Samuel is a pro se

litigant who filed this action pursuant to 42 U.S.C. § 1983 and

requested leave to proceed in forma pauperis pursuant to 28

U.S.C. § 1915.  (D.I. 1, 2)  The court has jurisdiction over this

matter pursuant to 28 U.S.C. § 1331.

2.    **Standard of Review.**  Reviewing complaints filed

pursuant to 28 U.S.C. § 1915 is a two step process.  First, the

court must determine whether the plaintiff is eligible for pauper status.  On April 13, 2005, the court granted plaintiff leave to proceed in forma pauperis.  (D.I. 10)

3.    Once the pauper determination is made, the court must determine whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief pursuant to 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1).[1]  If the court finds the plaintiff's complaint falls under any one of the exclusions listed in the statutes, then the court must dismiss the complaint.

4.    When reviewing complaints pursuant to 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1), the court will apply the Fed. R. Civ. P. 12(b)(6) standard of review.  See Neal v. Pennsylvania Bd. of Probation and Parole, No. 96-7923, 1997 WL 338838 (E.D. Pa. June 19, 1997)(applying Rule 12(b)(6) standard as appropriate standard for dismissing claim under § 1915A).  Accordingly, the court must "accept as true the factual allegations in the

---

[1]    These two statutes work in conjunction.  Section 1915(e)(2)(B) authorizes the court to dismiss an in forma pauperis complaint at any time, if the court finds the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief.  Section 1915A(a) requires the court to screen prisoner in forma pauperis complaints seeking redress from governmental entities, officers or employees before docketing, if feasible and to dismiss those complaints falling under the categories listed in § 1915A (b)(1).

2

complaint and all reasonable inferences that can be drawn
therefrom." <u>Nami v. Fauver</u>, 82 F.3d 63, 65 (3d Cir. 1996).  Pro
se complaints are held to "less stringent standards than formal
pleadings drafted by lawyers and can only be dismissed for
failure to state a claim if it appears 'beyond doubt that the
plaintiff can prove no set of facts in support of his claim which
would entitle him to relief.'"   <u>Estelle v. Gamble</u>, 429 U.S. 97,
106 (1976) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)).

    5.   The standard for determining whether an action is
frivolous is well established.  The Supreme Court has explained
that a complaint is frivolous "where it lacks an arguable basis
either in law or fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325
(1989).[2]  As discussed below, the plaintiff's claims have no
arguable basis in law or fact.  Therefore, his complaint shall be
dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)-
1915A(b)(1).

    6.   **Discussion.**  In his complaint, plaintiff contends that
defendants have violated his constitutional rights by:  (1)
failing to classify him correctly, despite his improved conduct
and rehabilitation; (2) failing to provide a toilet brush and

_____

    [2] <u>Neitzke</u> applied § 1915(d) prior to the enactment of the
Prisoner Litigation Reform Act of 1995 (PLRA).  Section 1915
(e)(2)(B) is the re-designation of the former § 1915(d) under the
PLRA.  Therefore, cases addressing the meaning of frivolousness
under the prior section remain applicable.  See § 804 of the
PLRA, Pub.L.No. 14-134, 110 Stat. 1321 (April 26, 1996).

pillow; (3) forcing him to wait nine months for an dental
appointment to fill his decayed tooth; and (4) forcing him to
wear handcuffs during dental appointments which has resulted in
painful injuries. (D.I. 2)

7. **Classification Claim.** By complaining that he has some
protected Constitutional rights to a certain placement within the
prison system, plaintiff has implicated the Due Process Clause of
the 14th Amendment. To state a claim for violation of due
process rights, plaintiff must demonstrate that: (1) a
constitutionally protected liberty or property interest is in
issue; and (2) the state utilized constitutionally deficient
procedures in its deprivation of that interest. Board of Regents
v. Roth, 408 U.S. 564 (1972). Plaintiff's claim fails under the
first prong of this analysis because this court has repeatedly
determined that the Department of Correction statutes and
regulations do not provide prisoners with liberty or property
interests protected by the Due Process Clause. Jackson v.
Brewington-Carr, 1999 WL 27124 (D. Del. 1999)(holding that
statutes and regulations governing Delaware prison system do not
provide inmates with liberty interest in remaining free from
administrative segregation or from a particular classification);
Carrigan v. State of Delaware, 957 F. Supp. 1376 (D. Del. 1997)
(holding that prisoner has no constitutionally protected interest
in a particular classification); Abdul-Akbar v. Dept. of

4

Correction, 910 F. Supp. 986 (D. Del. 1995)(holding that inmates have no "legitimate entitlement" to employment or rehabilitation).

    8.    Moreover, the Supreme Court has held that "'[a]s long as the conditions or degree of confinement to which [a] prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison officials to judicial oversight.'" Hewitt v. Helms, 459 U.S. 460, 468 (quoting Montanye v. Haymes, 427 U.S. 236, 242 (1976)). The transfer of a prisoner from one classification to another has been found to be unprotected by the Due Process Clause, even if the change in status involves a significant modification in conditions of confinement. Hewitt, 459 U.S. at 468.  In light of this authority, the court finds this claim frivolous under 28 U.S.C. §§ 1915(e)(2)(B) - 1915A(B(1).

    9.    **Conditions Claims.**  To the extent that plaintiff alleges the toilet brush and pillow issues constitute cruel and unusual punishment under the Eighth Amendment, the court finds this claim should also be dismissed as frivolous.  "It is undisputed that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." Helling v. McKinney, 509 U.S. 25, 32 (1993).  However, to establish an Eighth Amendment violation,

5

plaintiff must allege that he has endured a sufficiently serious
deprivation and that the defendants have acted with deliberate
indifference to his plight.  Wilson v. Seiter, 501 U.S. 294, 298
(1991).  To prove that the defendants have violated his rights
under the Eighth Amendment, plaintiff must satisfy a two prong
test which is both objective and subjective.  Id.

10.  To satisfy the objective prong, plaintiff must allege
that he is "incarcerated under conditions posing a substantial
risk of serious harm."  Farmer v. Brennan, 511 U.S. 825, 834
(1994).  Serious harm will be found only when the conditions of
confinement "have a mutually enforcing effect that produces the
deprivation of a single identifiable human need such as food,
warmth, or exercise," and "nothing so amorphous as 'overall
conditions' can rise to the level of [such a violation] when no
specific deprivation of a single human need exists."  Blizzard v.
Watson, 892 F. Supp. 587, 598 (D. Del. 1995)(citing Wilson v.
Seiter, 501 U.S. at 303-304).

11.  Plaintiff does not claim, nor would one expect, that
the lack of a toilet brush or a pillow for a period of time poses
a risk of serious physical harm.  As a result, because the court
finds that plaintiff has not satisfied the objective prong of the
Helling requirements, it is unnecessary to address the subjective
prong of the Helling requirements.  See Helling v. McKinney, 509
U.S. at 35.  Plaintiff's claim that the defendants violated his

6

rights under the Eighth Amendment has no arguable basis in law or in fact and is frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1).

12. **Dental Claims.** The court finds that plaintiff's claims regarding his dental care and being handcuffed during treatment are not frivolous under 28 U.S.C. § 1915A(b) and service shall issue consistent with the terms of this order. Since it is unclear which defendants are associated with these claims, service of the complaint on all defendants is appropriate.

13. **Service.** The Clerk of Court shall cause a copy of this order to be mailed to the plaintiff.

a. Pursuant to Fed. R. Civ. P. 4(c)(2) and (d)(2), plaintiff shall complete and return to the Clerk of Court an original "U.S. Marshall 285" form for all defendants and the Attorney General of the State of Delaware, 820 N. FRENCH STREET, WILMINGTON, DELAWARE 19801, pursuant to DEL. CODE ANN. tit. 10 § 3103(c). **Additionally, plaintiff shall provide the Court with two additional copies of the complaint for service upon the defendants. Furthermore, plaintiff is notified that the United States Marshal will not serve the complaint until all "U.S. Marshal 285" forms have been received by the Clerk of Court. Failure to provide the "U.S. Marshal 285" form for all defendants and the attorney general within 120 days of this order may result**

7

**in the complaint being dismissed or defendants being dismissed**

**pursuant to Federal Rule of Civil Procedure 4(m).**

b.    Upon receipt of the forms required by paragraph a above, the United States Marshal shall forthwith serve a copy of the complaint, this order, a "Notice of Lawsuit" form, the filing fee order, and a "Return of Waiver" form upon each of the defendants so identified in each 285 form.

c.    Within **thirty (30) days** from the date that the "Notice of Lawsuit" and "Return of Waiver" forms are sent, if an executed "Waiver of Service of Summons" form has not been received from a defendant, the United States Marshal shall personally serve said defendant pursuant to Fed. R. Civ. P. 4(c)(2) and said defendant shall be required to bear the cost related to such service, unless good cause is shown for failure to sign and return the waiver.

d.    Pursuant to Fed. R. Civ. P. 4(d)(3), a defendant who, before being served with process timely returns a waiver as requested, is required to answer or otherwise respond to the complaint within **sixty (60) days** from the date upon which the complaint, this order, the "Notice of Lawsuit" form, and the "Return of Waiver" form are sent.  If a defendant responds by way of a motion, said motion shall be accompanied by a brief or a memorandum of points and authorities and any supporting affidavits.

8

e.    No communication, including pleadings, briefs, statement of position, etc., will be considered by the Court in this civil action unless the documents reflect proof of service upon the parties or their counsel.  The clerk is instructed not to accept any such document unless accompanied by proof of service.

United States District Judge