IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HARRY SAMUEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 05-037-SLR |
| | ) |
| THOMAS CARROLL (WARDEN), LT. | ) |
| PORTER, COUNSELOR KRAMER, and | ) |
| the I.B.C.C. (CLASSIFICATION | ) |
| COMMITTEE) and DENTAL SERVICE, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 16th day of November, 2005, having reviewed plaintiff's motions for reconsideration and second motion for appointment of counsel;

IT IS ORDERED that plaintiff's motion for appointment of counsel is denied and his motion for reconsideration is granted as to the two health-related claims and denied as to the classification claim for the reasons that follow. (D.I. 24, 25, 26)

1. **Motion for Appointment of Counsel.** A pro se litigant proceeding in forma pauperis has no constitutional or statutory right to representation by counsel. See Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981); Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997). It is within the court's discretion, however, to seek representation by counsel for plaintiff, but this effort is

made only "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting . . . from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984); accord Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993)(representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law).

2. After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel, including:

> (1) the plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses.

Tabron, 6 F.3d at 155-57; accord Parham, 126 F.3d at 457; Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002).

3. In his request for counsel, plaintiff states that the case involves complex legal issues and that he has wrist injuries that make it difficult to write. (D.I. 25) Having reviewed plaintiff's letter as well as the record, the court does not find that appointment of counsel is warranted at this time.

Specifically, plaintiff has demonstrated an ability to coherently present his claims and requests for relief.

    4.    **Motion for Reconsideration.**  In moving for reconsideration of the three claims dismissed as frivolous pursuant to 28 U.S.C. § 1915, plaintiff asserts, first, that being deprived a toilet brush is cruel and unusual punishment because he was unable to clean the toilet for six months and, consequently, suffered from unsanitary conditions.  (D.I. 26)  He claims these conditions presented a "health risk."  (Id.)  Second, plaintiff alleges that he was discriminated against because other similarly situated inmates were issued a pillow. The lack of a pillow made it difficult for plaintiff to sleep. In his third argument, plaintiff acknowledges that he has no constitutional right to a particular prison classification. However, he explains that his claims relate to defendants abusing their discretion in keeping him in a high security classification.

    5.    The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence."  Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).  Accordingly, a court may alter or amend its judgment if the movant demonstrates at least one of the following:  (1) a change in the controlling law; (2) availability of new evidence not available when the

decision issued; or (3) a need to correct a clear error of law or fact or to prevent manifest injustice. See id.

6. Considering plaintiff's arguments in light of the standard for reconsideration, the court is satisfied that he has presented evidence demonstrating that the two health-related claims are not frivolous under 28 U.S.C. § 1915A(b) and service shall issue consistent with the terms of this order.

7. **Service.** The Clerk of Court shall cause a copy of this order to be mailed to the plaintiff and all defendants.

   a. Pursuant to Fed. R. Civ. P. 4(c)(2) and (d)(2), plaintiff shall complete and return to the Clerk of Court an original "U.S. Marshall 285" form for defendants First Correctional Medical and Rob Young pursuant to 10 Del. C. § 3103(c). **Additionally, plaintiff shall provide the Court with three additional copies of the complaint and eight additional copies of the amended complaint for service upon the defendants. Furthermore, plaintiff is notified that the United States Marshal will not serve the complaint until all "U.S. Marshal 285" forms have been received by the Clerk of Court. Failure to provide the "U.S. Marshal 285" form for all defendants within 120 days of this order may result in the complaint being dismissed or defendants being dismissed pursuant to Federal Rule of Civil Procedure 4(m).**

   b. Upon receipt of the forms required by paragraph a

4

above, the United States Marshal shall forthwith serve a copy of the complaint, this order, a "Notice of Lawsuit" form, the filing fee order, and a "Return of Waiver" form upon each of the defendants so identified in each 285 form.

    c.    Within **thirty (30) days** from the date that the "Notice of Lawsuit" and "Return of Waiver" forms are sent, if an executed "Waiver of Service of Summons" form has not been received from a defendant, the United States Marshal shall personally serve said defendant pursuant to Fed. R. Civ. P. 4(c)(2) and said defendant shall be required to bear the cost related to such service, unless good cause is shown for failure to sign and return the waiver.

    d.    Pursuant to Fed. R. Civ. P. 4(d)(3), a defendant who, before being served with process timely returns a waiver as requested, is required to answer or otherwise respond to the complaint within **sixty (60) days** from the date upon which the complaint, this order, the "Notice of Lawsuit" form, and the "Return of Waiver" form are sent. If a defendant responds by way of a motion, said motion shall be accompanied by a brief or a memorandum of points and authorities and any supporting affidavits.

    e.    No communication, including pleadings, briefs, statement of position, etc., will be considered by the Court in this civil action unless the documents reflect proof of service

upon the parties or their counsel. The clerk is instructed not to accept any such document unless accompanied by proof of service.

                                                                                _____
                                                                                United States District Judge