IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HARY SAMUEL,                              )<br>                                           )<br>       Plaintiff,                         )<br>                                           )<br>    v.                                    )   Civ. No. 05-037-SLR<br>                                           )<br>THOMAS CARROLL (WARDEN), LT.              )<br>PORTER, COUNSELOR KRAMER, and             )<br>the I.B.C.C. (CLASSIFICATION              )<br>COMMITTEE) and DENTAL SERVICE,            )<br>                                           )<br>       Defendants.                        )| |

MEMORANDUM ORDER

At Wilmington this 1st day of December, 2005, having reviewed plaintiff's second motion for reconsideration;

IT IS ORDERED that plaintiff's motion for reconsideration is denied. (D.I. 37)

1. **Motion for Reconsideration.** The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). Accordingly, a court may alter or amend its judgment if the movant demonstrates at least one of the following: (1) a change in the controlling law; (2) availability of new evidence not available when the decision issued; or (3) a need to correct a clear error of law or fact or to prevent manifest injustice. See id.

2. In the motion for reconsideration, plaintiff reiterates that defendants have classified him in a discriminatory fashion because, allegedly, similarly situated prisoners have been designated to less restrictive classifications than plaintiff. (D.I. 37) As explained in the initial review of plaintiff's complaint, State regulations and statutes governing the Delaware prison system do not provide inmates with a protected interest in a particular prison classification. Carrigan v. State of Delaware, 957 F. Supp. 1376 (D. Del. 1997); Abdul-Akbar v. Dept. of Correction, 910 F. Supp. 986 (D. Del. 1995). Moreover, the transfer of an inmate from one classification to another has been found to be unprotected by the Due Process Clause of the United States Constitution, even if the change in status involves a significant modification in conditions of confinement. Hewitt v. Helms, 459 U.S. 460, 468 (1983). Considering the standard for reconsideration in light of this authority, plaintiff's second motion for reconsideration is denied. **NOTE: NO ADDITIONAL MOTIONS FOR RECONSIDERATION OF THIS ISSUE WILL BE ENTERTAINED BY THE COURT.**

                                                                     */s/ Sue L. Robinson*
                                                 United States District Judge