IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HARRY SAMUEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | Civ. No. 05-037-SLR |
| v. ) | |
| ) | |
| THOMAS CARROLL, (WARDEN), LT. ) | |
| PORTER, COUNSELOR KRAMER, and ) | |
| the I.B.C.C. (CLASSIFICATION ) | |
| COMMITTEE), and DENTAL SERVICE, ) | |
| ) | |
| Defendants. ) | |

**STATE DEFENDANTS' RESPONSE IN OPPOSITION TO ENTRY OF DEFAULT JUDGMENT**

**COME NOW**, State Defendants Thomas Carroll, Lieutenant Porter, Counselor Kramer, and Correctional Officer Young, by and through undersigned counsel, and hereby respond, pursuant to Federal Rule of Civil Procedure Rule 55, in opposition to Plaintiff's request for entry of default. In response thereto, defendants offer the following:

1. On or about January 25, 2005, plaintiff filed the instant lawsuit in the United States District Court for the District of Delaware in a civil rights action seeking a monetary award for alleged constitutional deprivations. (D.I.2).

2. Over the next year subsequent to filing the complaint, Plaintiff filed numerous items with the court. (D.I.5 through 22). On September 26, 2005, Plaintiff's complaint was dismissed in part as frivolous. The Court ordered the U.S. Marshal to serve the defendants as directed by the plaintiff. (D.I. 23).

3. Plaintiff renewed his motion to appoint counsel, and for reconsideration,

1

along with other motions, and he sent several letters to the court with exhibits attached. (D.I. 25, 26, 28, 30, 31, 32-35, 37-39). On or about January 10, 2006, following these motions and letters, waivers of service returned executed for defendants Porter, Kramer, Young.

      4.      On January 13, 2006, the State Solicitor was served with a copy of the complaint in accordance with 10 Del. C. § 3103 (c) (D.I. 47). Undersigned counsel received the complaint on January 18, 2006. On February 8, 2006, plaintiff sent eight copies of the amended complaint to the Court for service as directed. (D.I. 51).

      5.      Thereafter, undersigned counsel sent letters of representation to each of the named State defendants. In the interim, undersigned counsel collected information in order to defend the lawsuit. Unfortunately, at some point which counsel believes must be at the time she received the copies of the amended complaint she removed the file from her office to include these papers in the pleading jacket, the file for the action was removed from her pending case load and placed among resolved filings. As well, counsel inadvertently failed to calendar the date for the proceedings on her personal calendar. Subsequently, due to the volume of other pressing litigation, counsel was not reminded of the instant lawsuit until she entered her appearance on behalf of the defendants.

      6.      On or about March 7, 2006 undersigned counsel entered her appearance on behalf of State Defendants, and the next day filed a motion to dismiss plaintiff's complaint with accompanying memorandum of points and authorities in support of the motion. Plaintiff has been served copies of each item filed by defendants.

      7.      Counsel received a copy of the Plaintiff's request for entry of default on or about March 10, 2006. Plaintiff's sole basis for seeking a default is that the defendants

did not file an answer by the original deadline of March 6, 2006. However, undersigned counsel entered her appearance on March 7, 2006. In addition, in response to Plaintiff's complaint, State Defendants filed a motion to dismiss with memorandum two days after the deadline on March 8, 2006.

8.      Federal Rules of Civil Procedure R. 55 (b) provides: "when a party has failed to appear, plead or otherwise defend, as provided by these Rules, and that fact is made to appear, judgment by default *may* be entered. . . ."[emphasis added]. Whether a default judgment shall issue is in the Court's discretion.

9.      The Third Circuit has adopted a policy disfavoring default judgments and encouraging decisions on the merits. *See Harad v. Aetna Casualty & Surety Company*, 839 F.2d 979, 982 (3d Cir. 1988); *Jones v. Kearney*, 2000 WL 1876433 (D. Del.); *Ore, Inc. v. Hawkins*, 1995 WL 133637 (E.D. Pa.).  On March 7, 2006, undersigned counsel entered her appearance on behalf of the State defendants.

10.     Generally, in considering defaults and motions to vacate default judgments, courts look to see whether the party in default has a meritorious defense, whether the opposing party would be prejudiced by not granting a default judgment, and whether the defending party's conduct was culpable or merely excusable neglect. *Feliciano v. Reliant Tooling Co., Ltd.,* 691 F.2d 653, 656 (3d Cir. 1982); *Farnese v. Bagnasco*, 687 F.2d 761, 764 (3d Cir. 1982). All three factors must favor the party seeking a default judgment. Delay, by itself, is rarely sufficient to establish the required degree of prejudice necessary to support a default judgment. *Feliciano*, 691 F.2d at 656.

11.     The State Defendants have raised meritorious defenses to the underlying action. They have been sued as state actors in a civil rights action pursuant to 42 U.S.C. §

3

1983 for the alleged deprivation of a prisoner's federal constitutional rights. The State Defendants have asserted the required exhaustion of remedies doctrine mandated under the Prison Litigation Reform Act, 42 U.S.C. §1997e (PLRA). *Nyhuis v. Reno*, 204 F.3d 65, 71 (3d Cir. 2000). As well, defendants assert appropriate immunity from liability defenses. *Hafer v.* Melo, 502 U.S. 21 (1991); *Will v. MichiganDept. Of State Police*, 491 U.S. 58, 71 (1989). Therefore, defendants respectfully request that they not be denied their opportunity to present their defenses due to counsel's inadvertent mistake.

    12.    In addition, plaintiff cannot demonstrate that he will suffer substantial prejudice if the default judgment is not entered and he is required to proceed. *Farnese v. Bagnasco*, 687 F.2d at 764. This case concerns a prisoner's conditions of confinement claim as plaintiff seeks damages for an alleged deprivation of his health and safety needs. Absent a showing of substantial prejudice, no harm exists in denying Plaintiff a default judgment, thus permitting the defendants to respond to the Complaint. Given that the State Defendants will likely prevail on the merits, the entry of a default judgment should be denied.

    13.    Finally, State Defendants have not been culpable in failing to respond within the original deadline to the complaint. Indeed, undersigned counsel did not act with a willful or conscious disregard for the rules of the Court. In fact, State Defendants have appeared and defended in this action for purposes of Federal Court Civil Procedure Rule 55 (b). In this instant case, the inadvertent delay in responding to the complaint does not cause such an injury as to warrant the extreme remedy of a default judgment.

    WHEREFORE, for the hereinabove reasons, State Defendants respectfully request that this Court enter an Order denying Plaintiff's motion for default judgment.

                                          **STATE OF DELAWARE**
                                          **DEPARTMENT OF JUSTICE**

                                          /s/ Ophelia M. Waters
                                        Ophelia M. Waters, I D No. 3879
                                        Deputy Attorney General
                                        820 North French Street
                                        Wilmington, DE 19801
Dated: March 14, 2006             (302) 577-8400

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HARRY SAMUEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | Civ. No. 05-037-SLR |
| vi. | ) | |
| | ) | |
| THOMAS CARROLL, (WARDEN), LT. | ) | |
| PORTER, COUNSELOR KRAMER, and | ) | |
| the I.B.C.C. (CLASSIFICATION | ) | |
| COMMITTEE), and DENTAL SERVICE, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

AND NOW, this _____ day of _____, 2006, the State Defendants Response in Opposition to Entry of Default Judgment having been duly considered, and any reply thereto, is granted; and,

IT IS ORDERED that plaintiff's Request for Default Judgment against State Defendants be denied.

_____
The Honorable Sue L. Robinson, Chief Judge
United States District Court

6

**CERTIFICATE OF SERVICE**

I hereby certify that on March 14, 2006, I electronically filed the State Defendants Response in Opposition to Entry of Default Judgment, with the Clerk of Court using CM/ECF. I hereby certify that on March 14, 2006, I have mailed by United States Postal Service, the document to the following non-registered participant: Harry Samuel; SBI#; 00201360, Delaware Correctional Center, 1181 Paddock Rd, Smyrna, DE 19977.

    /s/ Ophelia M. Waters
Ophelia M. Waters, I.D. No.3879
Deputy Attorney General
Carvel State Office Building
820 North French Street, 6th Floor
Wilmington, Delaware 19801
(302) 577-8400