In the United States District Court of Delaware

Harry Samuel
      Plaintiff
V.                                    Civ. Case No. 05-037-SLR

Thomas Carroll (Warden)
    et al



Plaintiff Samuel, response to State Defendant's Motion to Dismiss and Memorandum of Law.

Plaintiff Samuel, Submit to the U.S. District Court that Plaintiff was not suing the Defendants in their supervisory responsibilities or in their official capacities as a bases for a 42 U.S.C. §1983 suit. What the Plaintiff Submit next in addition is when a Person (the Plaintiff) is in State Custody and files a 42 U.S.C. §1983, the 42 U.S.C. §1983 suit against State officials in their official capacities is treated as a suit against the state, already.

Plaintiff Samuel, Submit that Plaintiff identified with these particular Defendants in addition to the 42 U.S.C. §1983 suit because Carroll the Warden involvement and Porter, Kramer, I.B.C.C. and Rob Young involvement and approval of these barbaaric procedures. Carroll, the oversees, is involved and approves all procedures. Porter and Kramer was members of the classification committee who voted that the Plaintiff be reclassified to Maximum security and the I.B.C.C. approved after the Plaintiff was just classified to Med. (Medium). Rob Young, had actual knowledge of an risk to the Plaintiff Health and Safety because Plaintiff told Rob Young that Plaintiff was in pain from the hand cuffs, being handcuffed behind his back while forced to lay back on the handcuffs during Dental Treatment Rob Young, told the Plaintiff that the Plaintiff still had to sit in the Dental Chair with hands cuffed behind Plaintiff back which caused Plaintiff injuries and pain and suffering in Plaintiff shoulder, wrist and hand.

<u>If Defendants ar not liable:</u>
Plaintiff ask the U.S. District Court if filing a 42 U.S.C. §1983 with the Claims that Plaintiff raised is not in itself already consider a suit against the state then Plaintiff ask the District Court to allow Plaintiff to amend the Complaint to include state officials.

1

*Harry L. Samuel*

The Plaintiff Submit to the District Court in regard to Defendants Motion to Dismiss, for failure to state a claim upon which relief can be granted and Failed to Exhaust administrative Remedies based on the state of Delaware Bureau of Prisons has established an Inmate Grievance Procedure.

Plaintiff Submit that the District Court already dismissed Plaintiff Classification Claim and District Court already dismissed Plaintiff Conditions Claims in the District Court two step Process Pursuant to 28 U.S.C. § 1915 and the Court dismissed these Claims as frivolous. Therefore the Defendants Motion to dismiss and Memorandum of Law is not relevant to the matter at hand. Plaintiff Submit that Plaintiff marked No if Greivanced because Disciplinary and Classification can't be Greivance See Bureau of Prisons Inmate Grievance Procedure at Page 2 of 7 V. Procedure number 2. Also because these Claims are already dismissed there is no need to argue the Exhaust of administrative remedies and Grievance Procedure. The Plaintiff did appeal but no response.

### Dental Care and being handcuffed during Treatment

Plaintiff Submit to the matter at hand which is 8th amendment claim based on a Pattern of delay and denial of dental care for one year that caused Pain, discomfort and damage. The Plaintiff Submit that the Plaintiff did Exhaust administrative Remedies and filed a Medical Grievance regarding this matter and the Plaintiff appealed to the Warden Carroll Designee see complaint Exhibit 22 Medical Grievance Report Pages 1 of 7 to Page 7 of 7 also Exhibit 21 of Complaint which is the Bureau Chief review my Grievance Case # 7953 dated 10-7-04. But still no treatment until September, 2005.

Plaintiff Submit in regard to Plaintiff being hand cuffed during treatment which cause injuries and Pain and Suffering in the Plaintiff wrist, hand and Shoulder that the Plaintiff complained to Rob Young about Plaintiff Pain but officer Rob Young order the Plaintiff to Sit back in the Dental Chair any way during treatment. After a while the Plaintiff Pain did not go away and Plaintiff could not use Plaintiff hand, wrist, shoulder, arm the way the Plaintiff use to therefore the Plaintiff sought Medical releaf by Puting in a Sick Call Slip for Medical releaf for Plaintiff injuries and Pain and Suffering. See Exhibit 26 of complaint which is medical sick call slip.

2

*Harry L. Samuel*

# Certificate of Service

I, Harry Samuel, hereby certify that I have served a true and correct cop(ies) of the attached: Plaintiff Samuel, response to State Defendants motion to dismiss and memorandum of law. upon the following parties/person (s): Oposing Counsel

TO: Ophelia M. Waters
Deputy attorney General
Department of Justice
820 N. French Street, 6th Floor
Wilmington, Delaware
19801

TO: _____

TO: _____

TO: _____

**BY PLACING SAME IN A SEALED ENVELOPE** and depositing same in the United States Mail at the Delaware Correctional Center, 1181 Paddock Road, Smyrna, DE 19977.

On this 13th day of March, 2006

Harry L. Samuel
Pro Se

I/M Harry Samuel
SBI# 201360   UNIT 23,C,1,U
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

legal Mail

U.S.M.S.
X-RAY

To. office of the clerk
united States Distict Court
844 N. King Street, Lockbox 18
Wilmington, Delaware
19801-3570