IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **Harry Samuel** | : | |
| | : | |
| Plaintiff, | : | C.A. No. 05-037-SLR |
| | : | |
| v. | : | |
| | : | |
| **THOMAS CARROLL, (WARDEN), LT. PORTER, COUNSELOR KRAMER, and the I.B.C.C. (CLASSIFICATION COMMITTEE), and DENTAL SERVICE,** | : : : : : : : | |
| Defendants | : | |

### MOTION OF DEFENDANT, CORRECTIONAL MEDICAL SERVICES, INC.(INCORRECTLY DESIGNATED AS "DENTAL SERVICE"), TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Defendant, Correctional Medical Services, Inc. ("CMS"), hereby moves to dismiss plaintiff's Amended Complaint and, in support thereof, avers as follows:

1. Plaintiff, an inmate at the Delaware Correctional Center in Smyrna, Delaware, filed an Amended Complaint on 10/31/05 against several defendants including an entity simply designated as "Dental Service". D. I. 34. A copy of the document listed on the docket as Amended Complaint is attached as Exhibit "A".

2. Although the caption listed the defendant "Dental Service", the docket was apparently amended to list both "Correctional Medical Services also known as Dental Service" and "First Correctional Medical also known as Dental Service" as defendants and "Dental Service" was terminated as a party defendant on 10/31/05.

3. In his Amended Complaint, D.I. 34, plaintiff states that he was denied dental care from the beginning of 2005 until July 1, 2005 and then from July 1, 2005 to the beginning of September 2005. Plaintiff appears to claim also that he injured his wrist, hand and

shoulder from being handcuffed during dental treatment, which occurred on 11/7/04. See Exhibit "B".

4. Plaintiff submitted several requests for dental services and grievances relating to requests for dental treatment, which relate to the time period of September 2004 through June 2005 when CMS was not the healthcare provider at plaintiff's place incarceration. See documents attached hereto as Exhibit "C".

5. To the extent that plaintiff purports to make any claims based upon 42 U.S.C. §1983 against CMS relating to dental care from September 2004 through June 30, 2005, CMS requests that plaintiff's Amended Complaint against it be dismissed because it was not the healthcare provider at plaintiff's place of incarceration at that time.

6. In his Amended Complaint, plaintiff contends that "then a change in medical providers from July 1, 2005, Correctional Medical Service is now medical providers and First Correctional Medical denied me dental care for two months from July 1, 2005 to the begin of September 2005" [sic]. D.I. 34.

7. CMS became the healthcare provider to Delaware's prisons on July 1, 2005. To the extent that plaintiff alleges that CMS denied him dental care from July 1, 2005 to the beginning of September 2005, CMS moves this Honorable Court to dismiss plaintiff's Amended Complaint against it.

8. Plaintiff's Amended Complaint purports to allege civil rights violations under 42 U.S. C. §1983.[1]

---

[1] 42 U.S.C. §1983 reads, in part:
Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory… subjects, or causes to be subjected, any citizen of the United States to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in the action at law, suit in equity, or other proper proceeding for redress.

9. A claim must be dismissed because it fails to allege sufficient facts to support a cognizable legal claim. Fed. R. Civ. P. 12(b)(6). Even a pro se litigant must plead sufficient facts assisting a legal claim. See Riddle v. Mondragon, 83 F.3d 1197, 1202 (10th Cir. 1996). Further, the Complaint "must provide the defendants with fair notice of what plaintiff's claim is and the grounds upon which it rests." United States v. City of Philadelphia, 644 F.2d. 187, 204 (3rd Cir. 1980), citing Conley v. Gibson, 355 U.S. 41, 47 (1957).

10. In order to state a cognizable claim for violation of civil rights in connection with medical treatment, "a prisoner must allege and prove acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976), reh'g denied, 429 U.S. 1066 (1977). A plaintiff must prove that the defendant either acted with "reckless disregard" or "actual intent" to disregard his medical condition to satisfy the "deliberate indifference" test set forth in Estelle. Benson v. Cady, 761 F. 2d 335, 339 (7th Cir. 1985). To show "deliberate indifference", the plaintiff must demonstrate that the individual attending to his medical condition consciously disregarded a substantial risk of serious harm. Farmer v. Brennan, 511 U.S. 825, 838 (1994). In addition, a plaintiff must allege that his/her medical condition is "serious". Boring v. Kozakiewicz, 833 F. 2d 468, 472 (3d Cir. 1987), cert. denied, 485 U.S. 991 (1988). Mere medical malpractice does not give rise to a claim for a violation of the Eighth Amendment to the U.S. Constitution. Durmer v. O'Carroll, 991 F. 2d 64, 67 (3d Cir. 1993). A claim for medical malpractice should be brought in state court under the applicable tort law, not in federal court. Estelle, 429 U.S. at 107.

11. In order to be liable in a civil rights action, a defendant must have personal involvement in the alleged wrongs. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (1988) (citations

omitted). "Personal involvement" may be demonstrated through "allegations of personal direction or of actual knowledge and acquiescence." These allegations, however, must be made with appropriate particularity. Id.

12. Plaintiff's Amended Complaint fails to set forth any specific allegations of personal involvement in the alleged violation of plaintiff's civil rights. Accordingly, CMS is entitled to dismissal of all claims against it.

13. CMS may only be held liable for a policy or custom that demonstrates deliberate indifference to plaintiff's serious medical needs. Miller v. Correctional Medical Systems, Inc., 802 F. Supp. 1126 (D.Del. 1992), citing Monell v. Dept. of Social Services, 436 U.S. 658 (1978). "'Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy or edict'". "'Custom, on the other hand, can proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well settled and permanent as virtually constitute law". Whalen v. Correctional Medical Services, et al., 2003 U.S. Dist. LEXIS 14562, Mem. Op. (Aug. 18, 2003) citing Miller, 802 F. Supp. at 1132. See Exhibit "D". "To state a claim, plaintiff would have to demonstrate that CMS as a policy or custom of not providing necessary medical care to inmates". CMS would not be liable unless it had a policy of custom that encouraged or otherwise caused its physicians to not provide such necessary services." Id.

14. Plaintiff has failed to allege nor could he prove the existence or execution of any unconstitutional policy or custom on the part of CMS constituting deliberate indifference to a serious medical need. Plaintiff has also failed to plead that CMS had "personal involvement in the alleged wrong" and does not rise to a constitutional issue. Whalen,

<u>supra</u>, C.A. No. 02-246-JJF Mem. Op. at 5.  Accordingly, the §1983 – based claims in plaintiff's Complaint must fail.

15. When CMS became the healthcare provider at plaintiff's place of incarceration on July 1, 2005, plaintiff was on the waiting list to have his tooth filled.  As plaintiff himself states in a letter to the Court, a copy of which is attached hereto as Exhibit "E", plaintiff's tooth was filled by a dentist on September 7, 2005.  Moreover, to the extent that plaintiff claims to have suffered hand, wrist and shoulder injuries during dental treatment while handcuffed, plaintiff states in a Court filing that he was treated by CMS for the pain in his hand, wrist and shoulder.  <u>See</u> Exhibit "B".  He was instructed to stop exercising and was given a box of pain relievers, muscle cream and further instructed to put a warm towel on his hand, wrist and shoulder areas.  <u>Id</u>.  Plaintiff's complaints were timely and properly addressed by CMS and there is no basis for a claim that CMS was deliberately indifferent to a serious medical need, even assuming that plaintiff's dental and medical conditions rose to the level of serious medical needs.

16. CMS is also entitled to dismissal of plaintiff's Complaint because it cannot be held responsible under a theory of respondeat superior in a §1983 action.  Private corporations that provide medical services for the State cannot be held liable under a theory of respondeat superior.  <u>Swan v. Daniels</u>, 923 F. Supp. 626, 633 (D. Del.1995); <u>Miller v. Correctional Medical Systems, Inc.</u>, 802 F. Supp. 1126, 1132 (D. Del. 1992).

WHEREFORE, defendant Correctional Medical Services, Inc. (incorrectly designated as "Dental Service"), respectfully moves this Honorable Court to enter the attached Order, dismissing plaintiff's Amended Complaint with prejudice.

          MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN

BY:    */s/ Kevin J. Connors*
Kevin J. Connors, Esquire #2135
1220 North Market Street, 5th Fl.
P.O. Box 8888
Wilmington, DE 19899-8888
Attorney for Defendant,
Correctional Medical Services, Inc
(incorrectly designated as "Dental Service")

Dated: March 22, 2006
\15_A\LIAB\KJCONNORS\LLPG\341607\VLLUCAS\13252\15000