EXHIBIT "A"

In the United States District Court
for the District of Delaware

Harry Samuel
      Plaintiff,

   V.                  Civ. No. 05-037-SLR

Thomas Carroll (warden)
   and      at all
Dental Service



**FILED**
OCT 31 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

RE: Court Order Regarding Dental care
and being handcuffed during Treatment

Plaintiff Samuel Submit to the District Court
6 original U.S. Marshall 285, for all defendants.

Plaintiff Samuel Submit that Correctional officer
Cornbread (Rob Young) is the Correctional officer
that I ask to remove the handcuffs during
Dental Treatment a few times while I was
geting Treatment in the dental Chair. Cornbread
Said no You have to get in the Dental Chair with
Your hands Cuffed behind your back. This is in
regard to the 285 form.

Plaintiff Submit that for the first 10 months
of a year I was denied dental care was from
medical Providers First Correctional Medical
Denied until July 1st, 2005. Then a change in
medical Providers from July 1st, 2005, Correctional
medical Service, is now the medical Providers
and First Correctional medical denied me Dental
care for 2 ▓▓▓▓ months from July 1st, 2005 to
the begin of September 2005. This is in regard ▓▓
to the 285 forms.

Plaintiff also submit that I have additionally Provided
the District Court with two additional Copies of the
Complaint for Service.

                            Harry L. Samuel
                            10-21-2005

EXHIBIT "B"

In the United States District Court
District of Delaware

Harry Samuel
                    Plaintiff

    v.                                          Civ. No. 05-037-SLR

Thomas Carroll (Warden)
        and        et al
Dental Service



FILED

OCT 13 2005

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

RE: Being handcuffed during Dental
    Treatment and Pain and Suffering

Plaintiff Samuel Submit that after waiting a while
to see if the pain and injuries I got from being
handcuff behind my back during dental Treatment
would go away the pain and injuries I suffered
in my hand, rist and Shoulder did not go away.

Therefore I put in a Sick call to see the Doctor
about my pain and my injuries to my hand, rist and Soulder
(See exhibit - 26 Medical/Dental Sick call).

On 10-5-2005 the nurse call to see me about my Sick
call slip I put in (exhibit - 26) By taking me to the nurse/
Doctor office and examin me. I explained to nurse
Danye that I have pain in my hand, rist and shoulder
and injuries to my rist and shoulder. I explained to
the nurse that it feels like something is broke in
Shoulder and the pain and injuries is where I can't
exercise because when I put Pressure from exercising
the pain gets worst. The then then instructed me stop
exercising, and gave me a Box of pain Reliever, and
a container (cup) of muscle cream and instructed
to put a worm towel on my hand, rist and shoulder
the nurse said I may have pinched a nerve.
← Pain reliever nurse gave me.



24 Tablets                    NDC # 47682-100-84

Medique®

                    Respectfully Submitted

                    Harry L. Samuel
                    Date: 10-11-05

## Certificate of Service

I, Harry Samuel, hereby certify that I have served a true and correct cop(ies) of the attached: RE: handcuffed during Treatment, and pain and suffering, Exhibits- 26 and 27 upon the following parties/person (s): Attorney General Jane Brady ℅ opposing counsel Loren

TO: Attorney General of DE.        TO: _____
Jane Brady                            _____
℅ Loren C Meyers Esq.                 _____
Department of Justice                 _____
820 North French Street               _____
Carvel Office Building
Wilmington, DE. 19801
TO: _____                  TO: _____
_____                      _____
_____                      _____
_____                      _____
_____                      _____

BY PLACING SAME IN A SEALED ENVELOPE and depositing same in the United States Mail at the Delaware Correctional Center, 1181 Paddock Road, Smyrna, DE 19977, postage to be paid by the Dept. Of Corrections.

On this 11 day of October , 2005

Harry Samuel

# DELAWARE DEPARTMENT OF CORRECTIONS
## REQUEST FOR MEDICAL/DENTAL SICK CALL SERVICES
### FACILITY: DELAWARE CORRECTIONAL CENTER
This request is for (circle one):  MEDICAL  DENTAL  MENTAL HEALTH

Harry   Samuel                 23,C,1 U
_/ Name (Print)_              Housing Location

8-17-62          201360          9-    - 05
_Date of Birth_       _SBI Number_       _Date Submitted_

Complaint (What type of problem are you having)? on about 9 - 7 - 04  I was
put in Max at which time 9- 7- 04 I requested
Dental Care on 11 - 2 - 04  I was handcuffed behinded
my back during Dental Treatment with TK Kionke
the handcuffs and being handcuffed behind my back gave me injuries
and pain to my hand, rist, and shoulder I need to see Doctor it got worst.
Harry L. Samuel
_Inmate Signature_                        _Date_

**The below area is for medical use only.  Please do not write any further.**

S:

O:  Temp:      Pulse:      Resp:      B/P:      WT:

A:

P:

E:

_Provider Signature & Title_                _Date & Time_

3/1/99 DE01
FORM#:
MED
762

Exhibit - 26

# DELAWARE DEPARTMENT OF CORRECTIONS
## REQUEST FOR MEDICAL/DENTAL SICK CALL SERVICES
## FACILITY: DELAWARE CORRECTIONAL CENTER
This request is for (circle one): **MEDICAL  DENTAL  MENTAL HEALTH**

Harry Samuel
Name (Print)

19634  21DU6
Housing Location

8-17-62
Date of Birth

00201360
SBI Number

6-9-05
Date Submitted

Complaint (What type of problem are you having)? my tooth filling came out 9 months ago and my teeth need to be filled and my teeth need to be even up with braces. This is my 6th attempt to get treatment and its over 9 months and no treatment yet.

Harry Samuel
Inmate Signature

Date

**The below area is for medical use only. Please do not write any further.**

S:

O:    Temp:____  Pulse:____  Resp:____  B/P:____  WT:____

A:    Already

P:    Scheduled at

E:

Provider Signature & Title

Date & Time

3/1/99 DE01
FORM:
MED
263

Exhibit 28 (27)

I/M Harry Samuel
SBI# 201360 UNIT 23-C,1,U
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

Legal 
Mail

To the Clerk
United States District Court
844 N. King Street, Lockbox 18
Wilmington, D.E.
19801-3570

EXHIBIT "C"

DCC Delaware Correctional Center
Smyrna Landing Road
SMYRNA, DE, 19977
Phone No. 302-653-9261

Date: 03/22/2006

## GRIEVANCE REPORT

### OFFENDER GRIEVANCE INFORMATION

| | | | | | |
|---|---|---|---|---|---|
| Offender Name : SAMUEL, HARRY L | | SBI# | : 00291390 | Institution | : DCC |
| Grievance# : 7963 | | Grievance Date | : 10/07/2004 | Category | : Individual |
| Status : Resolved | | Resolution Status | : Level 3 | Resol. Date | : 03/22/2005 |
| Grievance Type: Health Issue (Medical) | | Incident Date | : 09/05/2004 | Incident Time | : |
| IGC : Merson, Lise M | | Housing Location | : Bldg 21, Upper, Tier D, Cell 6, Bottom | | |

### OFFENDER GRIEVANCE DETAILS

Description of Complaint : I requested to get treatment from the dentist by putting a sick call slip in the sick call box on 9/7/04. Sgt. Sullivan gave me sick call form after I reported my dental problem to him. I put in two other sick calls for this matter and my problem is filling is out and I got a big hole in my tooth if not treated I will lose my tooth. 2) Also warden forwards a letter to have braces in for my front teeth. It's been years the dentist didn't call yet. The reason I am submitting this grievance is because it has been a month and I haven't seen the dentist a month since my request. The dentist assistant seen me after a month but no treatment now I been another month and no treatment.

Remedy Requested : To have my tooth fill in by the dentist soon before I loose my tooth and have to have my front teeth braced like warden said he notified the dentist supervisor to take action.

### INDIVIDUALS INVOLVED

| Type | SBI # | Name |
|---|---|---|
| | | |

### ADDITIONAL GRIEVANCE INFORMATION

| | | |
|---|---|---|
| Medical Grievance : YES | Date Received by Medical Unit : 10/22/2004 | |
| Investigation Sent : 10/22/2004 | Investigation Sent To : Wolken, Gina | |
| Grievance Amount : | | |

Exhibit 22

Page 1 of 7

DCC Delaware Correctional Center
Smyrna Landing Road
SMYRNA DE, 19977
Phone No: 302-653-9261

Date: 06/22/2005

## INFORMAL RESOLUTION

### OFFENDER GRIEVANCE INFORMATION

| | | | | | |
|---|---|---|---|---|---|
| Offender Name : SAMUEL, HARRY L | SBI# | : 00201360 | Institution | : DCC |
| Grievance # : 7953 | Grievance Date | : 10/07/2004 | Category | : Individual |
| Status : Resolved | Resolution Status: Level 3 | | Inmate Status : |
| Grievance Type: Health Issue (Medical) | Incident Date : 09/05/2004 | | Incident Time : |
| IGC : Merson, Lise M | Housing Location :Bldg 21, Upper, Tier D, Cell 6, Bottom | | |

### INFORMAL RESOLUTION

Investigator Name : Wolken, Gina                          Date of Report 10/22/2004

Investigation Report : Patient does not want to sign off until he gets the treatment. Warned him filing take 6-9 months.

Reason for Referring:

Offender's Signature: _____

Data              : _____

Witness (Officer)  : _____    _____

Delaware Correctional Center
Smyrna Landing Road
SMYRNA, DE 19977
Phone No. 302-653-9261

## GRIEVANCE INFORMATION - IGC

### OFFENDER GRIEVANCE INFORMATION

| | | |
|---|---|---|
| Offender Name : SAMUEL, HARRY L | SBI# : 00201360 | Institution : OCC |
| Grievance # : 7953 | Grievance Date : 10/07/2004 | Category : Individual |
| Status : Resolved | Resolution Status : Level 3 | Inmate Status : |
| Grievance Type: Health Issue (Medical) | Incident Date : 09/05/2004 | Incident Time : |
| IGC : Merson, Lisa M | Housing Location : Bldg 21, Upper, Tier D, Cell 8, Bottom | |

Medical Provider:                    Date Assigned :

Comments:

☑ Forward to MGC                ☐ Warden Notified

☐ Forward to RGC                Date Forwarded to RGC/MGC : 12/03/2004

☐ Offender Signature Captured    Date Offender Signed :

DCC, Delaware Correctional Center
Central Landing Road
Smyrna, DE 19977
Phone No.: 302-653-9261                Date: 05/22/2005

## GRIEVANCE INFORMATION - Appeal

### OFFENDER GRIEVANCE INFORMATION

| | | | |
|---|---|---|---|
| Offender Name : SAMUEL, HARRY L | SBI# : 00201360 | Institution : DCC |
| Grievance # : 7953 | Grievance Date : 10/07/2004 | Category : Individual |
| Status : Resolved | Resolution Status : Level 3 | Inmate Status |
| Grievance Type : Health Issue (Medical) | Incident Date : 09/05/2004 | Incident Time : |
| IGC : Merson, Lise M | Housing Location : Bldg 21, Upper, Tier D, Cell 6, Bottom | |

### APPEAL REQUEST

No appeal returned

### REMEDY REQUEST

DCC Delaware Correctional Center
Smyrna Landing Road
Smyrna, DE 19977
Phone No. 302-653-9261

Date: 06/22/2005

# GRIEVANCE INFORMATION - BGO

## OFFENDER GRIEVANCE INFORMATION

| | | |
|---|---|---|
| Offender Name : SAMUEL, HARRY L | SBI# : 00201360 | Institution : DCC |
| Grievance # : 7953 | Grievance Date : 10/07/2004 | Category : Individual |
| Status : Resolved | Resolution Status : Level 3 | Inmate Status : |
| Grievance Type: Health Issue (Medical) | Incident Date : 09/05/2004 | Incident Time : |
| IGC : Merson, Lise M | Housing Location : Bldg 21, Upper, Tier D, Cell 6, Bottom | |

### REFERRED TO

| Due Date : | Referred to : | Name : |
|---|---|---|

Type of Information Requested :

### DECISION

Date Received : 02/22/2005

Decision Date : 03/17/2005          Vote : Uphold

Comments :

I recommend that FCM resolve the dental services availability problem. Inordinate delays lead to more serious and expanding medical related issues, as well as higher costs. An 8 to 9 month wait for tooth repair is unacceptable.

Smyrna Landing Road
SMYRNA, DE, 19977
Phone No. 302-653-9261

# GRIEVANCE INFORMATION - Bureau Chief

## OFFENDER GRIEVANCE INFORMATION

| | | |
|---|---|---|
| Offender Name : SAMUEL, HARRY L | SBI# : 00261365 | Institution : DCC |
| Grievance # : 7953 | Grievance Date : 10/07/2004 | Category : Individual |
| Status : Resolved | Resolution Status : Level 3 | Inmate Status : |
| Grievance Type: Health Issue (Medical) | Incident Date : 09/06/2004 | Incident Time : |
| IGC : Merson, Lisa M | Housing Location : Bldg 21, Upper, Tier D, Cell 8, Bottom | |

### DECISION

Decision Date: 06/20/2005        Vote : Upheld

Comments :
I concur with the recommendation of the BGO.

DCC Delaware Correctional Center
Smyrna Landing Road
SMYRNA, DE. 19977
Phone No. 302-653-9261

Date: 02/22/2006

## GRIEVANCE INFORMATION - MGC

### OFFENDER GRIEVANCE INFORMATION

| | | |
|---|---|---|
| Offender Name : SAMUEL, HARRY L | SBI# : 00201580 | Institution : DCC |
| Grievance # : 7953 | Grievance Date : 10/07/2004 | Category : Individual |
| Status : Resolved | Resolution Status : Level 3 | Inmate Status : |
| Grievance Type: Health Issue (Medical) | Incident Date : 09/05/2004 | Incident Time : |
| IGC : Merson, Lise M | Housing Location : Bldg 21, Upper, Tier D, Cell 6, Bottom | |

### CLAIMS

Date Received : 12/03/2004     Date of Recommendation: 02/18/2005

#### GRIEVANCE HEARING VOTES

| Person Type | SBI # | Name | Vote |
|---|---|---|---|
| Staff | | Munson, Amy | Deny |
| Staff | | Lyons, April | Deny |
| Staff | | Rickards, Suesann | Deny |
| Staff | | Merson, Lise M | Abstain |

#### MGC MEMBER VOTE SUMMARY

| Uphold : 0 | Deny : 3 | Abstain : 1 |
|---|---|---|

#### APPEAL READ

| Person Type | SBI # | Name | Vote |
|---|---|---|---|

#### MGC RECORD DECISION

Hearing held 2/15/05
You were seen by the dentist and are on the waiting list for a filling.
Appeal form provided.

# DELAWARE DEPARTMENT OF CORRECTIONS
## REQUEST FOR MEDICAL/DENTAL SICK CALL SERVICES
### FACILITY: DELAWARE CORRECTIONAL CENTER
This request is for (circle one): MEDICAL DENTAL MENTAL HEALTH

Harry Samuel
Name (Print)

HSH 21 D46
Housing Location

8-17-62
Date of Birth

00201360
SBI Number

6-9-05
Date Submitted

Complaint (What type of problem are you having)? my teeth filling came
out 9 months ago and my teeth need to be filled and
my teeth need to be even up with Braces.
This is my 6th attempt to get treatment and its over
9 months and no treatment yet.

Harry Samuel
Inmate Signature

Date

The below area is for medical use only. Please do not write any further.

S:

O: Temp:____ Pulse:____ Resp.____ B/P:____ WT:____

A: Already

P: Scheduled

E:

Provider Signature & Title

Date & Time

3/1/99 DE01
FORM#:
MED
263

Exhibit 27 (27)

EXHIBIT "D"

Service: Get by LEXSEE®
Citation: 2003 U.S. Dist. LEXIS 14562

*2003 U.S. Dist. LEXIS 14562, \**

FRANK WHALEN, JR., Plaintiff, v. CORRECTION MEDICAL SERVICE, et al., Defendants.

C.A. No. 02-246-JJF

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

2003 U.S. Dist. LEXIS 14562

August 18, 2003, Decided

**SUBSEQUENT HISTORY:** Motion granted by, Claim dismissed by Whalen v. Corr. Med. Servs., 2003 U.S. Dist. LEXIS 21334 (D. Del., Nov. 20, 2003)

**DISPOSITION:** [\*1] Defendant's motion to dismiss plaintiff's complaint granted.

### CASE SUMMARY

**PROCEDURAL POSTURE:** Plaintiff inmate filed a pro se complaint alleging that defendants, a correctional medical facility, a doctor, and a nurse violated the inmate's Eighth Amendment right to be free from cruel and unusual punishment by failing to provide adequate medical treatment. The correctional medical facility moved to dismiss the inmate's complaint pursuant to Fed. R. Civ. P. 12(b)(6).

**OVERVIEW:** Specifically, the inmate contended that defendants refused to perform back surgery on the inmate, caused the inmate to suffer a narcotic overdose, and discontinued the administration of necessary pain medication. However, in order to hold the facility liable, the inmate had to show that it had an established policy or custom that resulted in a deliberate indifference to the inmate's serious medical needs. The inmate did not allege, nor could he have proved any set of facts that would have demonstrated, the existence of any policy or custom that led the medical staff to deprive him of necessary medical care. The decision to not operate was merely a disagreement over the course of medical treatment.

**OUTCOME:** The correctional medical facility's motion to dismiss the complaint was granted.

**CORE TERMS:** custom, deliberate indifference, surgery, theory of respondeat superior, constitutional violation, medical treatment, nonmoving party, pain, medical care

### LexisNexis(R) Headnotes • Hide Headnotes

Civil Procedure > Pleading & Practice > Defenses, Objections & Demurrers > Failure to State a Cause of Action

*HN1* ± When a court analyzes a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6), the factual allegations of the complaint must be accepted as true. The court must draw all reasonable inferences in favor of the nonmoving party. In sum, the only way a court can grant a Fed. R. Civ. P. 12(b)(6) motion to dismiss is if it appears that the nonmoving party could prove no set of facts" consistent with the allegations that would entitle it to relief.  More Like This Headnote

Constitutional Law > Cruel & Unusual Punishment

*HN2* A correctional medical service cannot be held liable under a theory of respondeat superior but can be held liable for a policy or custom that demonstrates deliberate indifference. More Like This Headnote

Governments > Legislation > Enactment

*HN3* Policy is made when a decisionmaker possessing final authority to establish municipal policy with respect to the action issues an official proclamation, policy or edict. Custom, on the other hand, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law. More Like This Headnote

Constitutional Law > Civil Rights Enforcement > Civil Rights Act of 1871 > Prison Officials

*HN4* When a medical professional simply chooses between two equally appropriate forms of treatment, there is no constitutional violation even though a prisoner may not agree with or be displeased by the doctor's course of action. Likewise, a disagreement between two physicians over the proper course of treatment does not give rise to a constitutional violation since there may be several acceptable ways to treat an illness. More Like This Headnote

**COUNSEL:** Frank Whalen, Jr., Pro se Plaintiff.

Kevin J. Connors, Esquire of MARSHALL, DENNEHEY, WARNER, COLEMAN AND GOGGIN, Wilmington, Delaware. Attorney for Defendants Correctional Medical Service and Melody Thorpe, N.P.

**JUDGES:** JOSEPH J. FARNAN, JR., UNITED STATES DISTRICT JUDGE.

**OPINIONBY:** JOSEPH J. FARNAN, JR.

**OPINION: MEMORANDUM OPINION**

Wilmington, Delaware

**FARNAN, District Judge**

Pending before the Court is Defendant Correctional Medical Services' ("CMS") Motion to Dismiss Plaintiff's Complaint (D.I. 23). For the reasons discussed below, the Court will grant the Motion.

Plaintiff filed a pro se Complaint (D.I. 2) alleging that Defendants CMS, Dr. Keith Iven, and Nurse Melody Thorpe violated his Eighth Amendment right to be free from cruel and unusual punishment by failing to provide adequate medical treatment. n1 Specifically, Plaintiff contends that Defendants refused to perform back surgery on Plaintiff, caused Plaintiff to suffer a narcotic overdose, and discontinued the administration of necessary pain medication.

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - - -

N1 Plaintiff's Complaint originally named Kathy English and Governor Ruth Minner as Defendants, but the Court granted their Motion to Dismiss in a prior Order (D.I. 32).

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - **[*2]**

Subsequently, CMS filed a Motion (D.I. 23) seeking to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). n2 CMS contends that Plaintiff's Complaint fails to state a claim upon which relief can be granted because CMS cannot be held responsible for the acts of its employees, Dr. Ivens and Nurse Thorpe, under a theory of respondeat superior in a Section 1983 action and because Plaintiff's injury was not caused by a policy or custom of CMS's that demonstrates deliberate indifference to Plaintiff's serious medical needs.

- - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n2 CMS also moved for dismissal under Federal Rule of Civil Procedure 12(b)(1) contending that Plaintiff failed to exhaust his administrative remedies; however, CMS withdrew this ground for dismissal in a subsequent submission (D.I. 28).

- - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

In response, Plaintiff contends that dismissal is inappropriate because CMS acted with deliberate indifference by failing to remedy a continuing or egregious wrong after learning of a violation. Specifically, Plaintiff contends that [*3] CMS knew of Plaintiff's serious back condition and his need for surgery and opted to medicate him rather than provide the surgery.

 HN1 When a court analyzes a motion to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the factual allegations of the complaint must be accepted as true. Langford v. City of Atlantic City, 235 F.3d 845, 847 (3d Cir. 2000). The court must draw all reasonable inferences in favor of the nonmoving party. Id. In sum, the only way a court can grant a Rule 12(b)(6) motion to dismiss is "if it appears that the [nonmoving party] could prove no set of facts" consistent with the allegations that would entitle it to relief. Id.

HN2 CMS cannot be held liable under a theory of respondeat superior but can be held liable for a policy or custom that demonstrates deliberate indifference. Miller v. Correctional Medical Systems, Inc., 802 F. Supp. 1126, 1131-32 (D. Del. 1992)(citing Monell v. Department of Social Services of New York, 436 U.S. 658, 56 L. Ed. 2d 611, 98 S. Ct. 2018 (1978)); see also Gregory v. PHS Inc., 2001 U.S. Dist. LEXIS 15765, 2001 WL 1182779, at *4 (D. Del. Sep 21, 2001); Swan v. Daniels, 923 F. Supp. 626, 633 (D. Del. 1995). [*4] In order to hold CMS liable, therefore, Plaintiff must show that CMS has an established "policy" or "custom" that resulted in a deliberate indifference to plaintiff's serious medical needs.

HN3 "Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy or edict." Miller, 802 F. Supp. at 1132 (citations omitted). "Custom, on the other hand, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law." Id.

In the instant case, the Court concludes that Plaintiff has not alleged, nor could he prove any set of facts that would demonstrate, the existence of any CMS policy or custom that led the medical staff to deprive him of necessary medical care. To state a claim, Plaintiff would have to demonstrate that CMS has a policy or custom of not providing necessary medical care to inmates. Thus, even if the surgery was medically necessary and the treating physician failed to provide it, CMS would not be liable unless it had policy or custom that encouraged [*5] or otherwise caused its physicians to not provide such necessary services. Here, Plaintiff admits that he received treatment for his back pain, although not the treatment he deems most appropriate. In the Court's view, the decision to not operate is not a policy or custom,

but merely a disagreement over the course of medical treatment which does not rise to a constitutional issue.

> *HN4* When a medical professional simply chooses between two equally appropriate forms of treatment, there is no constitutional violation even though the prisoner may not agree with or be displeased by the doctor's course of action. Likewise, a disagreement between two physicians over the proper course of treatment does not give rise to a constitutional violation since 'there may ... be several acceptable ways to treat an illness.'

Key v. Brewington-Carr, 2000 WL 1346688, at *11 (D. Del. Sept. 6, 2000)(quoting White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990))(citations omitted). Accordingly, the Court will dismiss Plaintiff's Complaint against CMS.

**ORDER**

At Wilmington this 18th day of August 2003, for the reasons set forth in the Memorandum Opinion **[*6]** issued this date;

IT IS HEREBY ORDERED that Defendant Correctional Medical Services' Motion to Dismiss Plaintiff's Complaint (D.I. 23) is **GRANTED**.

JOSEPH J. FARNAN, JR.

UNITED STATES DISTRICT JUDGE

Service: **Get by LEXSEE®**
Citation: **2003 U.S. Dist. LEXIS 14562**
View: Full
Date/Time: Wednesday, December 22, 2004 - 11:28 AM EST

\* Signal Legend:
- ● - Warning: Negative treatment is indicated
- ⚠ - Caution: Possible negative treatment
- ◆ - Positive treatment is indicated
- Ⓐ - Citing Refs. With Analysis Available
- Ⓘ - Citation information available
\* Click on any *Shepard's* signal to *Shepardize®* that case.

About LexisNexis | Terms and Conditions

Copyright © 2004 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

EXHIBIT "E"

In The United States District Court
for the District of Delaware

Harry Samuel
            Plaintiff,                          Civ. No. 05-037-SLR

        V.

Thomas Carroll
            et al.

RE: Dental Services

To Judge Sue L. Robinson.

On 9-7-2005, The Dentist filled my tooth.
The Dentist said plaque developed around the tooth,
and eat some of the bone away that hold the tooth.
I was next schedual for treatment to clean my tooth
(teeth) I explained to the Dentist that the warden had
forwarded a letter to the Dentist to take action on geting
my teeth (tooth) straight. (see two letters from Thomas
the warden dated November 20, 2001 and November october
26, 2001). I bit my lip and it is hard to talk the way my
tooth grow back. I was charged $4.00 dollars for the
filling see Delaware Department of Correction Health
Care Services Fee Sheet. I don't think I should have
to pay because the Tax payers already payed for me
to have Dental, Medical, etc. to be housed in prison.

                        Inmate:

                    Harry L. Samuel
                    SBI # 201360
                Delaware Correctional Center