IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **Harry Samuel** | : | |
| | : | |
| **Plaintiff,** | : | C.A. No. 05-037-SLR |
| | : | |
| v. | : | |
| | : | |
| **THOMAS CARROLL, (WARDEN), LT. PORTER, COUNSELOR KRAMER, and the I.B.C.C. (CLASSIFICATION COMMITTEE), and DENTAL SERVICE,** | : : : : : : | |
| **Defendants** | : | |

### RESPONSE OF DEFENDANT, CORRECTIONAL MEDICAL SERVICES, INC. (incorrectly designated as "Dental Service"), TO PLAINTIFF'S DEFAULT MOTION

Defendant, Correctional Medical Services, Inc. (incorrectly designated as "Dental Service") hereby responds to plaintiff's Default Motion and states as follows:

1. Plaintiff has requested judgment of default against certain state defendants whose waivers of service were returned signed at DI #45, #46, #47 and #49.  D.I. #56.

2. Although plaintiff's Motion appears to be directed to certain state defendants, defendant, Correctional Medical Services, Inc., ("CMS"), (incorrectly designated as "Dental Service") responds that it has filed a Motion to Dismiss what is designated on the docket as an Amended Complaint, but which contains only the heading: "Re: Court Order Regarding Dental Care and being handcuffed during treatment".  This document is listed as an Amended Complaint at D.I. #34.

3. Plaintiff has made voluminous filings, resulting in several Court decisions and rejection of several attempts by plaintiff to file Motions for Reconsideration and amend his Complaint.

4. Plaintiff has also submitted multiple exhibits which necessitated a time consuming review of an array of handwritten documents, the substance of which is not entirely clear.

5. Defense counsel has completed assimilation of what appear to be documents relevant to plaintiff's dental claim and a claim of injury to his hand, wrist and shoulder, apparently resulting from allegedly being handcuffed during dental treatment which was rendered on November 2, 2004, when CMS was <u>not</u> the healthcare provider at the facility where plaintiff was incarcerated.

6. CMS has moved to dismiss plaintiff's Amended Complaint for failure to state a claim on the grounds that CMS was not the relevant healthcare provider from September 2004 through June 30, 2005, which comprises the time period related to plaintiff's healthcare complaints, and it has also moved to dismiss plaintiff's Amended Complaint for failure to state a claim to the extent that plaintiff alleges a denial of dental treatment and medical care for injuries to his hand, wrist and shoulder from being handcuffed during dental care because plaintiff received treatment for his dental complaint and for the pain in his hand, wrist and shoulder from July 1, 2005 to the beginning of September 2005, CMS having become the healthcare provider to Delaware's prisons on July 1, 2005.

7. A review of the docket reflects that plaintiff submitted USM 285 forms for Warden Thomas Carroll, Jane Brady, "Dental Service" on 11/2/05, for I.E.C.C., Lt. Porter and Counselor Kramer on 11/16/05, and for First Correctional Medical and Rob Young on 11/29/05, the latter two pursuant to Court Order of November 16, 2005. D.I. #36.  There

does not appear to be any request for a USM 285 form from plaintiff for Correctional Medical Services, although there appears to be an exit of an USM 285 form to the US Marshall service on or about December 6, 2005.

8. Because the docket lists "Correctional Medical Service also known as Dental Service" as a party defendant, CMS has responded to what document is listed as an Amended Complaint, although CMS' status as a defendant which plaintiff intended to sue is open to question.

9. Under Federal Rule of Civil Procedure 55(b), judgment by default may be entered at the Court's discretion if a party has failed to appear, plead or defend. Default judgments are disfavored. Harad v. Aetna Cas. & Surety Co., 839F. 2d 979, 982 (3d Cir. 1988). Defaults and default judgments are particularly disfavored where a defending party has a meritorious defense, where the plaintiff would not be prejudiced by not being granted a default judgment and when the party's conduct was not culpable . See Farnese v. Bagnasco, 687 F. 2d 761, 764 (3d Cir. 1982).

10. CMS has filed a Motion to Dismiss what appears to be an Amended Complaint and CMS has a meritorious defense including the fact that CMS was not the relevant healthcare provider at the time of the majority of plaintiff's dental complaints and because plaintiff has failed to state a claim upon which relief can be granted for the time period between July 1, 2005 and the beginning of September 2005 when plaintiff purportedly had other complaints, for which plaintiff admits he received medical care. Plaintiff will not suffer substantial prejudice if the default is not entered. Moreover, although CMS' status as a party defendant is open to question, as referenced above, CMS has appeared and

defended and any delay is not so egregious as to warrant the extreme remedy of a default or default judgment.

WHEREFORE, defendant, Correctional Medical Services, Inc. (incorrectly designated as "Dental Service"), respectfully requests this Honorable Court to deny plaintiff's Default Motion.

        MARSHALL, DENNEHEY, WARNER,
        COLEMAN & GOGGIN

BY:   */s/ Kevin J. Connors*
Kevin J. Connors, Esquire #2135
1220 North Market Street, 5th Fl.
P.O. Box 8888
Wilmington, DE 19899-8888
Attorney for Defendant,
Correctional Medical Services, Inc
(incorrectly designated as "Dental Service")

Dated: March 22, 2006

\15_A\LIAB\KJCONNORS\LLPG\341702\VLLUCAS\13252\15000