IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HARRY SAMUEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | Civ. No. 05-037-SLR |
| v. ) | |
| ) | |
| THOMAS CARROLL, (WARDEN), LT. ) | |
| PORTER, COUNSELOR KRAMER, and ) | |
| the I.B.C.C. (CLASSIFICATION ) | |
| COMMITTEE), and DENTAL SERVICE, ) | |
| ) | |
| Defendants. ) | |

## STATE DEFENDANTS' REPLY MEMORANDUM

**COME NOW**, the State Defendants, by and through counsel, and hereby reply to Plaintiff's response to Defendants' Motion to Dismiss (hereinafter "Reply") as follows:

Housing Conditions Health claims.

1.   Assuming *arguendo,* that all of Plaintiff's well pleaded facts are true, Plaintiff fails to state a claim upon which relief can be granted as he can prove no set of facts that these Defendants acted with deliberate indifference in exposing him to "an excessive risk to inmate health or safety" or in the "denial of the minimal civilized measure of life's necessities." *See Farmer v. Brennan*, 511 U.S. 824, 837 (1994).

2.   A plaintiff suing under 42 U.S.C. § 1983 has the burden of alleging facts to show that the named defendants played an affirmative role in the alleged deprivation of his rights. Dismissal is appropriate in a "complaint by a state prisoner in a civil rights case where the allegations are broad and conclusory, unsupported by factual allegations." *Colburn v. Upper Darby Township*, 838 F.2d 663, 664 (3d Cir.1988), *cert denied* 489

U.S. 1065 (1989). Plaintiff complaint is entirely silent as to a rationale with which to include Warden Carroll, Lieutenant Porter, Counselor Kramer and Correctional Officer Young as exposing him to an excessive risk to his health or safety. Plaintiff has not alleged any sufficient personal conduct by any of these state officers to support his conclusion that their actions deprived him of any constitutional rights. Without personal involvement in alleged constitutional violations, these defendants cannot be held liable. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir.1988) (insufficient facts to connect the officials to the conduct); *Negrich v. Hohn*, 372 F.2d 213, 215 (3d Cir.1957) (prisoner suit where parties are not mentioned in the body of the complaint).

       3.      Primarily, Plaintiff makes assertions that these particular prison officers are somehow responsible for subjecting him to unsanitary conditions that created a "health risk"; however, he has not substantiated misconduct by any of these prison officials to support his allegations that a serious deprivation has occurred, and more precisely, that these individuals are connected with the denial of sanitary and healthy conditions. Plaintiff baldly states that he did not have a toilet brush to clean the toilet and did not have a pillow to sleep. Although Plaintiff claims that he was discriminated against, he does not particularize instances demonstrating how or when other inmates were treated differently than him. Moreover, he does not "allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Plaintiff does not show that he raised these concerns with any of the defendants, nor does he indicate that any of these officers were given an opportunity to correct any conditions for which he now complains. Since

Plaintiff never filed a grievance concerning unsanitary and unhealthy living conditions as he now complains, he cannot show that the defendants knew of his housing conditions and chose to ignore a substantial risk to his health or safety. *Farmer v. Brennan*, 511 U.S. at 837. Therefore, no evidence exists from which a jury reasonably can conclude that Plaintiff's constitutional rights have been violated.

<u>Good faith security measures</u>

4. In addition, Plaintiff does not describe any serious medical need as a result of his placement in handcuffs. As any inmate classified to the Security Housing Unit, for reasons of institutional and inmate safety and security, Plaintiff was required to be handcuffed and escorted by security staff at all times that he was outside of his assigned housing area. (SHU rules). Provided that Plaintiff was housed in the SHU, deference to the expertise of prison officials should be accorded a prison rule or regulation necessary to "preserve internal order and discipline and to maintain institutional security." *Bell v. Wolfish*, 441 U.S. 520, 545-47 (1979) (cited in *Miller v. Williams*, 2005 WL 1353336, at *4 (D. Del. June 7, 2005) (Ex. A). Evaluating the legitimate interests in Officer Young's need to preserve internal order, discipline, and to maintain institutional security by placing Plaintiff in handcuffs while outside his housing area balanced against the de minimis "risk of harm" to the prisoner forced to wear handcuffs clearly demonstrates that Officer Young's conduct was done in good faith. *See Hudson v. McMillian*, 503 U.S. 1, 7 (1992).

<u>Dental care</u>

5. To establish an Eighth Amendment violation by a prison official for a failure to provide dental care requires a two-fold analysis. To begin with, the alleged deprivation must be objectively "sufficiently serious." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). As a consequence, when characterizing the alleged deprivation as a failure to provide medical treatment, the inmate must illustrate that his conditions of confinement posed a "substantial risk of serious harm." *See Helling v. McKinney,* 509 U.S. 25, 35 (1993). Next, the prison official's state of mind must be one of "deliberate indifference" to the inmate's health or safety. *Wilson v. Seiter,* 501 U.S., at 302-303, see also *Helling* v. *McKinney,* 509 U.S., at 34-35; *Hudson v. McMillan*, 503 U.S. at 5; *Estelle v. Gamble*, 429 U.S. at 106. The Court in *Farmer* defined deliberate indifference to require that the official know of and disregard an excessive risk to the inmate's health and safety. Expressly stated, the "official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference." *Id.* at 837.

6. Upon careful review, Plaintiff's complaint offers nothing more than statements of events in time which purport to describe his disagreement with the approach taken with the attention to his dental treatment. The difference in medical opinion over the manner of treatment provided does not constitute deliberate indifference. A prison official's denial of an inmate's reasonable request for medical care constitutes deliberate indifference if the denial of the request causes the inmate to experience undue suffering or the threat of tangible residual injury. *Williams v. First Correctional Medical*, 377 F. Supp.2d 473, 476 (D. Del. 2005). Additionally, deliberate indifference may be found if "necessary medical treatment is delayed for non-medical reasons, or if an official

bars access to a physician capable of evaluating a prisoner's need for medical." Id. *See also Inmates of Allegheny County Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir.1979). Therefore, a prison official is deliberately indifferent only where he or she has the required mental state. *Williams*, 377 F.Supp.2d at 476. In actual fact, a prison official can be held liable only where "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harms exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. at 837. Mere allegations of negligence do not meet the pleading requirements for deliberate indifference. *Estelle*, 429 U.S. at 105-106.

7. Indeed, the Department of Correction has an obligation to provide adequate medical care for its prisoners under the Eighth Amendment. *See West v. Atkins*, 487 U.S. 42, 54 (1988). In the instant case, Plaintiff alleges that the medical providers delayed filling his decayed tooth for several months. (Complaint, *passim*). As a result of this delay, Plaintiff sues four defendants, notwithstanding he fails to allege any acts or omissions on their part in his dental treatment. In *Miller v. Williams*, supra, plaintiff, a prisoner, alleged that he received improper and inadequate medical care for injuries he sustained in a slip and fall. The record evidenced that, over the course of several months, medical personnel provided medical treatment on numerous occasions to plaintiff for his injuries. After an X-ray, he was diagnosed with back spasms and treated with medications and exercise. Miller disagreed with the measures taken during the course of his treatment and insisted that he should have undergone an MRI. *Miller v. Williams*, 2005 WL 1353336. The court held that decisions as to appropriate testing and other

measures were matters for medical judgment and did not amount to cruel and unusual punishment. Id. See also *Smullen v. Kearney*, 2003 WL 21383727, at *3 (plaintiff failed to show reckless disregard or actual intent where he was examined and treated on numerous occasions, including two hospitalizations with an outside provider).

       8.    State Defendants conduct during this time period does not imply the deliberate indifference requisite for an Eighth Amendment claim.  Here, plaintiff fails to establish that Carroll, Porter, Kramer or Young knew or had reason to know that prison doctors or their assistants were mistreating or not treating him.  No facts suggest that State Defendants knew Plaintiff faced a substantial risk of serious harm and disregarded that risk.

       9.    It is undisputed that State Defendants are not medically trained. Moreover, State Defendants had no reason to know that Plaintiff was not being treated by the medical staff. Simply stated, Plaintiff provides no medical evidence from which a reasonable jury could find that Carroll, Porter, Kramer or Young had knowledge that Plaintiff was not receiving adequate dental care. *See Spruill v. Gillis*, 372 F.3d 218, 236 (3d. Cir. 2004) (a non-medical prison official will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference).

      10.    Given the facts presented in the amended complaint, Plaintiff fails to show indifference which offends evolving standards of decency on the part of State Defendants. *Estelle v. Gamble*, 429 U.S. at 106; *Accord White v. Napoleon*, 897 F.2d at 109. Overall, Plaintiff's allegations are unsubstantiated and amount to nothing more than bald allegations concerning the overall medical care received. Plaintiff has not identified any basis of liability in this matter. Although Plaintiff has named Carroll, Porter, Kramer

and Young as Defendants because of their official positions in the prison, he does not demonstrate that any of them personally participated in diagnosing or treating him for dental problems. Thus Plaintiff has failed to state a cause of action against the Defendants for alleged medical mistreatment. State Defendants are entitled to judgment in their favor in accordance with Rule 12 (b).

      11.    Wherefore, for the reasons stated herein as well as those stated in Opening Motion and Supporting Memoranda of Points and Authorities, State Defendants respectfully request this Honorable Court dismiss Plaintiff's complaint for failure to state a claim, or in the alternative enter judgment in their favor.

**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**

/s/ Ophelia M. Waters
Ophelia M. Waters, ID 3879
Deputy Attorney General
820 North French Street, 6th Floor
Wilmington, Delaware 19801
(302) 577-8400
Ophelia.Waters@state.de.us

Dated: March 22, 2006