IN The United States District Court of Delaware

Harry L. Samuel
  v.
Thomas Corroll (Warden)
    and       et al
Dental Service

Civ. NO. 05-037-SLR
Exhibit order: C-2, 24, 28, 29,
A-31, A-32, A-33,

FILED
BD Scanned
JUN -5 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## Update on Plaintiff Classification:

Five years ago Plaintiff was found guilty of one Disorderly Threatening write up. The Plaintiff was only guilty of Disorderly, only and not guilty of Threatening.

Counselor Zanda, told me it don't matter that the hearing officer Reynold found me not guilty for Threatening. The Counselor said because Threatening is still on the write-up and is held aginst me, now for five years.

The Punishment and Treatment the Plaintiff had to complete for the Disorderly write up was 15 days in Isolation next moved to SHU/Max for no longer than 9 months and complete levels 1 to 3. the Plaintiff next was move from SHU to the MHU where was to be for about 3 to 4 months and Complete levels 4 to 6. once the Plaintiff completed all of the above total of 1 Year and Treatment Plan levels 1 to 6 the Plaintiff was to be Classified back to the Compound where Plaintiff was before the write-up. This was the Classification system for every Inmate.

After Plaintiff completed all Classification requirements to be Classified and moved back to the Compound. The Plaintiff was still Kept in Max SHU and MHU for about 4 additional years.

After these about 4 additional years that the Plaintiff was held back the Plaintiff was Classified to the Compound (see Exhibit-A-13) At this time there is a new Classification system called the Point system. The Plaintiff Points was low and low Points the Plaintiff met the requirement for Minimum but was Classified to Medium Compound.

After a few months while the Plaintiff was waiting to be moved to Medium Compound. There was a assault on a Counselor Arnold, by another Inmate. The Plaintiff was reclassified to Maximum because of this assault by another Inmate. on April 7, 2006 Counselor Kramer informed the Plaintiff that this assault on the Counselor by another Inmate was the reason the Plaintiff was Put in Maximum. (See Exhibit A-14 reclassified to Max/MHU) from Compound Exhibit A-13.

The Plaintiff was next moved out of Max/MHU and Put in Isolation for one week. Then reclassified to SHU/Max for six months.(see Exhibit C-1 of Complaint and inclosed Exhibit C-2). Plaintiff then filed law suit (05-037).

1

After Plaintiff was wrongfully put in SHU by the Classification Committee Abuse of Discresion, Discrimination and no Disciplinary Hearing. The Plaintiff met all SHU Treatment requirements in 6 months, Therefore the Plaintiff was rewarded a reclassification out of SHU/Max and back to MHU medium High. The Plaintiff was to be reclassified (04/06 Review) see Exhibit - 24.

While Plaintiff was housed back in MHU medium High the Unit the Plaintiff use to work in the MHU Kitchen. The Plaintiff aplied for Work as Tierman. The Counselor recommended Tierman but the I.B.C.C. Not Approve and moved my Classification back from 04/06 to a year later to 4/07 (See Exhibit - 28).

The Plaintiff Appealed the I.B.C.C. decision on the Tierman Job and that Plaintiff Classification was moved back one year.

The I.B.C.C. granted Plaintiff Tierman Job Appeal, and moved Plaintiff Classification date back to the original date 4/06. (Exh. 29).

The Plaintiff then completed the MHU Relapse Prevention group and received a Certificate of Completion (See Exhibit A-32 Certificate).

The Plaintiff in 2006 Still continue to get Charctor letters from Correctional officers that work with Samuel every day about Plaintiff good behavior and recommended me, for a Pardon. (See Exhibit A-31 Charactor letter). The Plaintiff has applied for his second Pardon in January 2nd of 2006. No Pardon hearing yet.

The Defendants, I.B.C.C. was Service 285 U.S. Marshals Service of law suit.

The Plaintiff was lock in the shower while the guards took all of Plaintiff legal Papers, including Plaintiff Prisoners Civil rigths law suit (05-037-SLR) off the tier. And after checking legal papers guards return case and legal mail back to Plaintiff (See Exhibit-A-33, Confiscated Property). (see Exhibit A-33)

April 7, 2006, Plaintiff, was Call for Classification. At which time Counselor Kramer, inform the Plaintiff that the reason the Plaintiff was put in Maximum was another Inmate assaulted a Counselor Arnold. The Counselor Kramer next Said because the Plaintiff Samuel, has Proved myself, Completed the MHU Relapse Prevention group and don't have any major write up in five years, and no minor 24 write up in three years and because Plaintiff now only has Three Points. The Counselor Kramer (M.D.T.) has Recommended Plaintiff to the Compound Medium. Three Points Plaintiff Should of been Classified to Minimum but was Classified to Medium. Plaintiff has now 2006 been in SHU and MHU for five years.

The I.B.C.C. Not approve the Counselor Kramer (M.D.T) recommendation for the Plaintiff to be Classified to Compound Medium. (See Exhibit-30) Plaintiff is to stay in MHU for another year. until 04/07.
The Plaintiff Appealed I.B.C.C decision (Exh-30) but no response.

Date: 5-23-06                                    Harry L. Samuel pro se

2

# Certificate of Service

I, Harry Samuel, have served a copy of Documents: letter of up date on classification, with supporting Exhibits

TO. Oposing Counsel

TO. Ophelia M. Waters
Deputy Attorney General
820 North French Street, 6th Floor
Wilmington, Delaware 19801

by placing in Institution mail 5-25-06

Harry L. Samuel
Pro Se

IM Harry Samuel
SBI# 20140 UNIT 23,C,1,U
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

legal Mail

TO. office of the Clerk
United States District Court
844 N. King Street, Lockbox 18
Wilmington, Delaware
   19801-3570