In the United States District Court of Delaware

Harry Samuel
      Plaintiff,
  V.

Thomas Carroll (warden)
    and     et al
Correctional Medical Services,
First Correctional Medical, and
Rob Young,
      Defendants.

Civ. No. 05-037-SLR

RE: Order Dated 24th day of May, 2006 - SLR



This is Plaintiff Samuel, Counter-affidavit or Statement, answering brief, accompanying affidavits, exhibits, etc., in response to defendant's Correctional Medical, Inc., Motion to Dismiss Plaintiff amended Complaint D.I. 34.

1. Plaintiff Samuel, hereby moves to dismiss defendant's Correctional Medical Service, Inc. motion to dismiss (D.I. 60) Plaintiff amended Complaint filed on March 22, 2006.

1. Plaintiff Samuel, filed a Amended Complaint on 10-31-05 (D.I. 34) becase Plaintiff on his original Complaint named Thomas Carroll warden as a defendant and Plaintiff named Dental Service because the Department of Corrections, Delaware Correctional Center has an obligation to provide adequate medical care for its prisoners under the eight amendment. The warden is in charge of the Prison the warden is suppose too oversee all operations in the Prison D.C.C..

2. Although the Caption listed the defendant Dental Service as whole. The Plaintiff was informed from the main law library Clerk that Plaintiff could name the name of the Dental Service later during the discovery Phase.

3. The defendant Correctional Medical Service, Inc., Statement that Plaintiff states he was denied dental care from the beginning of 2005, is <u>incorrect</u>. The Plaintiff was denied from the beginning of 2004 denied/Delayed by Provider First Correctional Medical until July 1, 2005 and next Plaintiff was Denied/Delayed Dental Treatment from Provider Correctional medical, Medical Service, Inc., for 2 months, from July 1, 2005 to the beginning of September 2005 (D.I. 34).

1

4. Plaintiff Submitted Several requests for dental Services and grievance and appealed, related to request for dental treatment. the Bureau Chief upheld Plaintiff appeal Exhibit 21. Page 5 of 7 of Medical grievance report - BGO, States an 8-9 month wait for tooth repair is unaxcceptable Exhibit 22. Therefore the Plaintiff dental treatment request became a priority and the Plaintiff Should of retained this Priority when Correctional Medical service, Inc. became the Medical Provider. But Plaintiff was denied/Delayed 2 months more by Provider Correctional Medical Service Inc..

5. Plaintiff makes a claim for the further delay. The 2 month when Correctional Medical Service, Inc. was the Provider. Plaintiff ask that Plaintiff amended complaint be granted and Summery Judgement be denied. Because a disputed fact exists that might affect the outcome of the suit.

6. Plaintiff Submit to the U.S. District Court that in good faith and because Plaintiff had Pain in Plaintiff wrisk (hand) from being forced to ware handcuffs during Dental treatment the Plaintiff made a written mistake due to Pain in hand and mental Stress. Plaintiff was taking Tylenal for Pain and mental Stress. The Plaintiff Said First Correctional Medical denied me dental care for 2 months, from July 1st, 2005 to the beginning of September 2005. The Plaintiff Submit that the Plaintiff intended to say (write/claim) Correctional Medical Service, Inc., Denied/delayed me, Dental Care for 2 months from July 1st, 2005 to the beginning of September 2005. Which deprived Plaintiff of his Constitutional right under the 8th amendment (cruel and unusual Punishment) D.I. 34.

7. CMS became the healthcare provider to Delaware Correctional Center on July 1, 2005. CMS Denied/Delayed Plaintiff, Treatment for 2 months, in addition to the 10 month FCM Denied/Delayed Plaintiff treatment. Correctional Medical Service, Inc. is liable for the Denial/Delay from July 1, 2005, to the beginning of September, 2005 when CMS became the healthcare provider.

2

Plaintiff moves the honorable U.S. District Court to grant Plaintiff amended Complaint and Denie Summary Judgement because a disputed fact exist that might affect the outcome of the suit.

8. Plaintiff was and is claiming his 8th amendment civil rights was violated under 42 U.S.C. §1983. On the original Complaint and on the amended Complaint. Because Plaintiff was Placed in Punitive segregation without adequate notice of the Charge etc. (Prison Disciplinary Due Process) the Plaintiff did not have adequate access to the Prison law library. Plaintiff Could only correspond by mail. Which was inadequate for Plaintiff to Pursue his case, claims. Plaintiff is Pro Se and subject his submissions to the less stringent standards than formal Pleadings drafted by lawyers. The Plaintiff requested appointment of Counsel so the Court and defendant(s) Could understand the nature and basis of Plaintiff Claims against defendant(s).

9. Plaintiff on his original complaint claim Cruel and unusual Punishment, also claimed Denial of dental treatment and Pain and Suffering which Plaintiff understood to be a 8th amendment Claim. Plaintiff was Claiming Denial/ lengthy delay the refusal to treat a degenerative Condition that tends to Cause Pain if left untreated. With the writen mistake made by Plaintiff in the amended Complaint which States First Correctional Medical denied me Dental Care for 2 months. Plaintiff intended to write/claim Correctional Medical Service, Inc., denied me Dental Care for 2 months. Plaintiff ask the U.S. District Court to allow Plaintiff Second request to amend the Complaint for events before in regard to Thomas Carroll (warden) and First Correctional Medical and officer Rob Young. In addition Plaintiff ask Plaintiff ask the U.S. District Court to allow Plaintiff to Supplement Complaint for the events that happen since the Complaint in regard to Correctional Medical Service Inc., the health care Provider that delayed Plaintiff

3

Dental treatment for 2 months (CMS). Unless District Court is satisfied with this response then no amended or supplement complaint needed therefor Plaintiff Claim should not be dismissed and Summary Judgment denied because a disputed fact exists that might affect the outcome of the suit.

10. Plaintiff did not write the magic words deliberate indifference in his initial Complaint or his amended Complaint. Plaintiff have alleged facts and submitted evidence that support Plaintiff Claim and that which would entitle Plaintiff to relief. Plaintiff Claim 8th amendment violation of Plaintiff civil rights in connection with denial/Delay in medical treatment from CMS and other defendants. The nature and basis of Plaintiff Complaint and Claim is Plaintiff had a serious medical need one that if not treated result in further significate injury, degeneration and extreme pain. And the officials and correctional Medical, Inc. was aware of this need and officials and CMS delayed Plaintiff necessary medical treatment for non-medical reasons. The officials and CMS knew of and disregarded an excessive risk to Plaintiff health. Officials and CMS was aware of substantial risk of serious harm exist from the evidence, and the risk was obvious. Officials and CMS were aware of dental problems and health risks associated with them. This delay caused Plaintiff to suffer.

11. Correctional Medical Service, Inc., was the health care provider from July 1, 2005, to September 2005 and CMS delayed Plaintiff treatment for 2 months and CMS is liable for the delay in Plaintiff treatment from the time CMS became the provider. Plaintiff was on the waiting list for one year altogether. FMC 10 month wait and 2 month wait CMS.

4

12. Plaintiff submit that the Plaintiff made a written mistake on Plaintiff amended Complaint. Which state <u>First</u> correctional denied me 2 months. The Plaintiff intended to write / claim Correctional medical service, Inc. denied/delayed me 2 months. Which violated Plaintiff 8th amendment.

13. Though Plaintiff may not have uttered the magic words policy and custom in Plaintiff initial complaint or Plaintiff amended complaint. The Plaintiff has claim facts and submitted evidence to support Plaintiff claim that which would entitle Plaintiff to relief. Plaintiff Claim Plaintiff 8th amendment right was violated as a consequence of warden and correctional medical service, Inc. policies and custom. The warden and CMS have a sick call, medical grievance, and appeal policy and custom. Which Plaintiff exhaulsted this administrative remedies and the Plaintiff appeal was upheld but Plaintiff was still delayed treatment for one year. 2 months delay of this was from CMS. The Bureau Chief and BGO upheld the Plaintiff appeal/complaint. But their decision was never honered. Plaintiff still had to wait 8-9 month and more.

14. Plaintiff is protected by the 8th amendment right to adequate medical care, if such denial/delay subjects inmate Plaintiff to undue suffering or a treat of pain and injury. Plaintiff claim CMS violated Plaintiff 8th amendment by Denying/Delaying Plaintiff treatment for two months from July 1, 2005 to September 2005. Plaintiff exhaulsted administrative remedies by submitting sick call slips, medical grievance and appeal the appeal was upheld also Plaintiff was on the waiting list for a long delay. These polices and customs use by warden, FMC and CMS is constituting deliberate indifferance to Plaintiff serious medical need. Accordingly, the § based claims in Plaintiff Complaint should be grated and Summary Judgment denied.

5

15. When CMS became the healthcare Provider at Plaintiff, Place of incarceration on July 1, 2005. Plaintiff was on the waiting list for a lientghty delay of 10 months after Plaintiff appeal was granted not to be delayed 8-9 months to have his tooth filled. CMS delayed Plaintiff treatment for 2 months, more. Plaintiff submitted a letter to the Court stating on 9-7-2005. The Dentist filled my tooth indicating that CMS delayed filling my tooth for 2 months, because CMS was the Provider at that time fram. Plaintiff letter also was intended to inform the Court of the events of Plaintiff Case/Treatment. The Plaintiff also submitted 2 letters that the warden forwarded to CMS for action about 6 years ago regarding straieghting Plaintiff teeth. CMS never called the Plaintiff after the warden letters that the warden forwarded to CMS for action. The Plaintiff complained of these same Dental Problems in sick call and Medical grevance report in 2004 and Plaintiff complained to the Dentist that filled and cleaned Plaintiff tooth in 2005. Exhibit 22 Medical grievance report. Plaintiff complaints were timely but Plaintiff Dental Treatment was not properly address by CMS and there is a basis and for a claim that CMS was deliberately indifferent to Plaintiff serious medical needs. Plaintiff needed 2 teeth filled and need front teeth staieght, and teeth cleaning.

The warden forward letters to CMS for action. But CMS took no action on Plaintiff dental problems of straieghting teeth. After Plaintiff medical grievance and appeal was granted/upheld CMS Delayed Plaintiff treatment for 2 months and CMS still did not address Plaintiff dental problems of straieghting Plaintiff teeth as in warden two letters to CMS letters dated Oct. 26, 2001 and Nov. 20, 2001 and as in Plaintiff 2004 Exhaulst administrative remedies Medical grievance and appeal etc.. CMS is not entitled to dismissal of Plaintiff complaint because because CMS can be held responsible under a theory of

respondeat superior. Private entity that contract with county to provide jail inmates with medical services was functionally equivalent to municipality for purposes of inmate § 1983 suit alleging inadequate medical care, thus claim required showing that entity was responsible for unconstitutional municipal custom or policy that was moving force behind inadequate care. U.S.C.A. Const. Amend. 8; 42 U.S.C.A. § 1983. Respondeat Superior Liability Private employers are not liable under § 1983 for the constitutional torts of their employees unless the plaintiff proves the action pursuant to an official policy of some nature caused a constitutional tort 42 U.S.C.A. § 1983.

<u>Citing</u>: Mitchell Wall v. Mark Dion No. Civ. 02-189-P-C. (Cite, ass: 257 F. Supp. 2d 316)

David W. Williamson v. Sharese Brewington-Carr, No. 97-710-SLR. (Cite as: 173 F. Supp. 2d 235)

Peter Goodnow v. Kenneth Palm, Emsa Correctional Care, Inc. No. 2:99-cv-132. (Cite as: 264 F. Supp. 2d. 125)

Wherefore Plaintiff Samuel, respectfully ask the U.S. District Court to dismiss defendant Correctional Medical Service Inc. Motion to Dismiss Plaintiff amended complaint and Plaintiff ask the U.S. District Court to denie Summery Judgement. Also Plaintiff ask to amend and suplement the complaint. Unless Court is satisfied with Plaintiff response to D.I. 60.

Date: 6-14-2006

Respectfully Submitted
Very Truely yours
Harry L. Samuel
Pro Se

7