IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HARRY SAMUEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | C.A. No. 05-037-SLR |
| v. | ) | |
| | ) | |
| THOMAS CARROLL, (WARDEN), LT. PORTER, COUNSELOR KRAMER, and the I.B.C.C. (CLASSIFICATION COMMITTEE), and DENTAL SERVICE, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## STATE DEFENDANTS' RESPONSE TO PLAINTIFF'S "DISCOVERY" REQUESTS

Come now, Defendants Carroll, Porter, Kramer, and Young by and through undersigned counsel and respond to the Plaintiff's Discovery Requests (D.I.) as follows[1]:

## GENERAL OBJECTIONS

1.      Defendants object to the Request for Production of Documents to the extent that they seek documents protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege.

2.      Defendants object to the Request for Production of Documents to the extent that they seek the production of documents equally available to the Plaintiff. Such documents will be identified by the Defendants but will not be produced.

## ANSWERS

---

[1] The discovery request submitted by Harry Samuel has been reprinted in its entirety, and has not been edited for any grammatical or typographical errors that may exist.

3. Any and all policies directives, custom, procedure or instructions to staff concerning the use of handcuff restraints behind, Plaintiff's back during dental treatment in the Delaware Correctional Center MHU, Maximum Security unit 21, from September 5, 2004 to September 7, 2006. If the policies, directives, custom, procedure is different for MHU maximum segregation inmates than for general population inmates, state both policies, directives, custom, procedure or instructions. If those policies, directives, custom, procedure or instructions are set forth in any policy, directive, custom, procedure or instructions or other document produce the document.

**RESPONSE:**

Objection to the extent that Plaintiff seeks the Delaware Department of Correction policies and procedures privileged and subject to protection from disclosure pursuant to statutory law. Without waiving this objection, see the Delaware Correctional Center, Inmate Housing Rules and General Conduct which detail the rules and procedures when correctional staff are escorting inmates leaving their assigned areas to any area. (Attached at Exhibit B)


4. Any and all policies, directives, custom, procedure or instructions to staff, First Correctional Medical and Correctional Medical Service, Inc. concerning filling inmates/Plaintiff's tooth/teeth at the Delaware Correctional Center MHU Maximum Security unit 21 during September 5, 2004 to September 7, 2006. If the policies, directives, custom, procedure is different for MHU Maximum segregation inmates than for general population inmates, state both policies, directives, custom, procedure, regulations or instructions. If those policies, directives, custom, procedure, regulations, or

instructions are set forth in any policy, directive, custom, procedure, regulations or instruction or other document, produce the document.

**RESPONSE:**  Objection to the extent that Plaintiff seeks information or documents not in the possession or control of the answering defendants, and which may be obtainable from another source. Without waiving this objection see the Delaware Correctional Center, Inmate Housing Rules relating to Medical Services and Sick Call which details the procedure for scheduling an appointment with medical staff. (See Exhibit B)

5.      State the duties of defendant Thomas Carroll and Rob Young in so far as they pertain to restraints, handcuffing Plaintiff behind Plaintiff's back while forced to sit in the dental chair handcuffed behind the back during dental treatment. If those duties are set forth in any job description or other document produce the document.

**RESPONSE:**  Objection to the extent that Plaintiff mischaracterizes and misstates the facts surrounding his handcuffed escort to and from medical and dental services for the relevant times in his complaint Without waiving this objection, see the Delaware Correctional Center, Inmate Housing Rules and General Conduct which detail the rules and procedures when correctional staff are escorting inmates leaving their assigned areas to any area. (See Exhibit B).

6.      State the duties of defendant Thomas Carroll, First Correctional Medical and Correctional Medical Service Inc., in so far as they pertain to ensuring that inmates/plaintiff tooth is filled in a timely manor. If those duties are set forth in any job description or other document produce the document.

**RESPONSE:** Objection to the extent that Plaintiff seeks information or documents not in the possession or control of the answering defendants, and which may be obtainable from another source. Without waiving this objection, Defendant Carroll is not an employee of any of the contracted medical vendors, and did not have an affirmative role in Plaintiff's medical and/or dental treatment.

7.  State the dates with all names, titles and duty of all Delaware Correctional Center Staff and First Correctional Medical and Correctional Medical Service Inc., that responded to, examined, treated, filled, Plaintiff tooth from September 5, 2004 to September 7, 2006. If those duties are set forth in any job description or other document produce the document.

**RESPONSE:** Objection to the extent that Plaintiff's request is overly broad, and unduly burdensome, and not likely to lead to discoverable matter. Without waiving this objection, see the Inmate's Medical records and Grievance Reports related to Plaintiff and which have been provided. (Medical records previously provided; Grievance Report Attached at Exhibit C)

8.  State the names, titles and duty of all staff members at the Delaware Correctional Center, First Correctional Medical and Correctional Medical Service Inc., who have resposibility for responding to, examining, treating, filling Plaintiff tooth/teeth from September 5, 2004 to September 7, 2006. If those responsibilities, duty are set forth in any job description or other document produce the document.

**RESPONSE:** Answering Defendants repeat the responses as set forth in the response to

Interrogatory number 7 above.

9.     State the names, titles and duty of all staff members at the Delaware Correctional Center who have responsibility for plaintiff being in handcuff restraints behind plaintiff back while in the dental chair during dental treatment from September 5, 2004 to June 30, 2006. If those responsibility and duty are set forth in any job description policy or other document produce the document.

**RESPONSE:**  Objection to the extent that Plaintiff mischaracterizes and misstates the facts surrounding his handcuffed escort to and from medical and dental services for the relevant times in his complaint. Without waiving this objection, see Inmate's Medical Records and Grievance Reports related to Plaintiff and which have been provided. (See Response to Interrogatory #7).

10.    State the reason plaintiff was put in restraints during dental treatment from September 5, 2004 to June 30, 2006.

**RESPONSE:**  Objection to the extent that Plaintiff mischaracterizes and misstates the facts surrounding his handcuffed escort to and from medical and dental services for the relevant times in his complaint. Without waiving this objection, see the Delaware Correctional Center, Inmate Housing Rules and General Conduct which detail the rules and procedures when correctional staff are escorting inmates leaving their assigned areas to any area. (See Exhibit B).

11.    Produce any logs, lists or other documentation reflecting grievance filed by

plaintiff at the Delaware Correctional Center from September 5, 2004 to September 7, 2006.

**RESPONSE:** Objection to the extent that Plaintiff's request is overly broad, and unduly burdensome, and not likely to lead to discoverable matter. Without waiving this objection, see inmate grievances provided.

12. Produce any and all documents created by any Delaware Correctional Center staff members, First Correctional Medical and Correctional Medical Service Inc., in response to grievance filed by the plaintiff in 2004 concerning plaintiff dental care problem and treatment.

**RESPONSE:** Objection to the extent that Plaintiff seeks information or documents not in the possession or control of the answering defendants, and which may be obtainable from another source. Without waiving this objection see Inmate's Medical Records and Grievance Reports (Exhibit C), related to Plaintiff and which have been provided.

13. State the date of response with the names, titles and duties of all staff members at the Delaware Correctional Center, First Correctional Medical and Correctional Medical Service Inc., who responded to and who have responsibility for responding to, investigating or deciding plaintiff grievance filed in 2004. If those duties are set forth in any job description, policy, directive or other document produce the document.

**RESPONSE:** Objection to the extent that Plaintiff seeks information or documents not in the possession or control of the answering defendants, and which may be obtainable from another source. Without waiving this objection see Grievance Reports related to

Plaintiff and which have been provided. (Exhibit C).

                        **AS TO OBJECTIONS:**

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

/s/ Ophelia M. Waters
Ophelia M. Waters, I.D. #3879
Deputy Attorney General
Carvel State Building
820 N. French Street, 6th floor
Wilmington, DE 19801
Ophelia.Waters@state.de.us
Attorney for State Defendants

Date: October 23, 2006

## *CERTIFICATE OF SERVICE*

I hereby certify that on October 23, 2006, I electronically filed the *Notice of Service and State Defendants' Response to Plaintiff's Discovery Requests* with the Clerk of Court using CM/ECF. I hereby certify that on October 23, 2006, I have mailed by United States Postal Service, the document to the following non-registered participant: Harry Samuel; SBI#; 00201360, Delaware Correctional Center, 1181 Paddock Rd, Smyrna, DE 19977.

   /s/ Ophelia M. Waters          
Ophelia M. Waters, I.D. No.3879
Deputy Attorney General
Carvel State Office Building
820 North French Street, 6th Floor
Wilmington, Delaware 19801
(302) 577-8400
Ophelia.Waters@state.de.us