In the United States District Court of Delaware

Harry Samuel
    Plaintiff,

V.

Civ. No. 05-037-SLR

Thomas Carroll (Warden),
Rob Young  et al

Plaintiff, Motion to Compel Discovery as to State Defendants Thomas Carroll et al, throgh Counsel Ophelia M. Waters

Plaintiff, moves pursuant to Rules 34(b) and 37(a), Fed.R.Civ.P., for an order compelling the defendants to produce for inspection and copying the documents requested on 8-23-2006 and Additional Discovery request, requested on 10-24-2006.

### Affidavit in Support of Motion to Compel

1. Plaintiff, Submit to the U.S. District Court that I am the Plaintiff in this case. I make this affidavit in Support of my motion to compel discovery.

2. On 8-23-2006, I, served on the defendants' counsel a request for production of documents and Interrogatories, which is attached to this affidavit as Exhidit 1.

3. Defendants did not respond to this request after 30 days, nor did they request an adjournment from the Court or seek my agreement to an adjournment

4. On 10-18-2006, Plaintiff wrote to Defendants counsel Ophelia M. Waters (State Defendants) pointing out that their responses were a month and one week late and Plaintiff requesting that defendant respond to plaintiff Discovery request (Produce discovery request). Exhibit-2.

5. Defendants counsel did not respond to my letter. On 10-23-2006, defendants (counsel) responded to my Discovery request by filing objections to the production of Documents by Defendants filing a motion for enlargement of time out of time DI.86, DI.93.



FILED
DEC 0 1 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

1

6. Defendants objections are waived as a result of their failure to make them in a timely manner.

7. Defendants objections on the ground that the discovery sought is Privilege and documents are equally available to the Plaintiff have no merit.

8. On 10-24-2006, Plaintiff requested additional Discovery request from Defendants. It has been over 30 days and Defendants has not responded to Plaintiff additional Discovery request. Exhibit-3.

9. On 15th day of November, 2006, this Court Ordered All other discovery requests shall be served and filed on or before January 16, 2007. DI.97

Wherefore, the Plaintiff requests that the Court grant this motion in all respects.

Brief in Support of Motion to Compel Discovery

This is a §1983 action filed by a Prisoner at the Delaware Correctional Center seeking damages relief based on Denial/Delay in Dental Treatment, being forced to ware handcuffs in the rear during Dental Treatment and Pain and Suffering

On 8-23-2006, the Plaintiff filed a request for Production of documents and Interrogatories (Discovery) Pursuant to Rule 34, FRCP. As set forth in the Plaintiff's affidavit, the defendants failed to respond within 30 day, and did not make any effort within the 30 day to obtain an extension from the Court or by contacting the Plaintiff

Argument I
Defendants have waived their objections by their failure to respond timely to the Request.

The rule provides that responses and objections to request for Production of documents are to be served within 30 days of the request unless the court grant a shorter or longer

2

time: Rule 34, F.R.C.P. The defendants, however, waited almost one month and one week before responding out of time, without obtaining or even seeking permission from the Court, or agreement from the Plaintiff, for this delay, within the requested 30 days.

It is well establised in federal Practice that "discovery objections are waived if a party fails to object timely to interrogatories, Production requests, or other discovery efforts. Godsey v. United States, 133 F.R.D. 111, 113 (S.D. Miss. 1990).

## Argument II

### The Discovery Sought is Relevant to the Claims and Defenses in the Case

Defendants belated objections state that the documents requested by the Plaintiff are Privilege and are equaly available to Plaintiff. Their argument is frivolous.

Rule 26, Fed.R.Civ.P., Permits discovery of matters "relevant to the subject matter involved in the pending action.

Each item sought by the Plaintiff is relevant to the claims in dispute and defenses in the Case. Plaintiff do not seek Privilege information.

A. Documents and Interrogatories relevant to Dental Treatment and being forced to ware handcuffs during Treatment.

Item 1 of the Plaintiff request seek any and all Policy and instructions to staff concerning D.C.C. and FCM regulations that handcuffs are not to be used in a way that cause undue Physical discomfort or inflicts Physical Pain while a inmate is being Treated in the Dental Chair. Plaintiff do not seek Privilege Policies or Procedures. See Additional Discovery request Exhibit-3.

Item 2 this court have ordered Discovery request.

Item 3 Pertain to the duties of defendants Thomas Carroll and Rob Young in so far as they pertain to handcuffs are not to be use, in a way that cause Physical discomfort or inflicts Physical Pain.

3

Item 4 already a court order. Plaintiff also request as to a timely manner in so far as duties of defendants pertain to Delaying filling a Inmate/Plaintiff's tooth is not Delayed in a way that cause undue physical discomfort or inflicts physical pain.

Item 5 already a court order.

Item 6 Plaintiff seek the names, titles and duty of all D.C.C. staff member, FCM and CMS who have resposibiliy for responding to, examining, treating, filling Plaintiff tooth/teeth. Plaintiff is seek request as to the relevant time and matter in dispute. After a year delay and undue suffering a unknown Dentist filled Plaintiff tooth/teeth. Plaintiff, is in respect to this court Protective order as to defendant CMS, who unknown Dentist filled Plaintiff tooth/teeth.

Item 7 Plaintiff seek request names, titles and duty of all D.C.C. staff members who have resposibility for Plaintiff being in handcuffs in the rear during Treatment in the dental chair as to the relevant time and matter in dispute. 9-7-04 to 9-7-06 (05)

Item 8 Plaintiff seek request as far as what was Plaintiff behavior for Plaintiff to have to be restaint during dental treatment. in regard to the relevant time and matter in dispute.

Item 11, 12, and 13 pertain to grievance matter.

In the discovery stage, relevance is construed "broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case. Oppenheimer Fund v. Sanders, 437 U.S. 340, 351, 98 S.Ct. 2380 (1978).

For these reasons the material sought is relevant and should be produced. Also see Additional Discovery request.

Conclusion

For the foregoing reasons, the court should grant Plaintiff's motion to compel discovery.

Date: 11-28-2006

Respectfully Submitted
Very Truely yours
Harry L. Samuel, Pro se

4

## Certificate of Service

I, **Harry Samuel**, hereby certify that I have served a true and correct cop(ies) of the attached: **Plaintiff letter regarding Plaintiff Discovery Request** upon the following parties/person (s):

TO: Dana Spring Monzo
(McCullough & McKenty, PA.)
1225 N. King Street, Suite 1100
P.O. Box 397
Wilmington, DE. 19899-0397
(FCM)

TO: Ophelia M. Waters
Deputy Attorney General
State of Delaware
Department of Justice
820 North French Street, 6th Floor
Wilmington Delaware 19801
(warden, et al)

TO: Kevin J. Connors
(Marshall, Dennehey, Warner, Coleman & Goggin)
1220 North Market Street
5th Fl. P.O. Box 8888
Wilmington, DE. 19899-8888
(CMS, I)

TO: _____

BY PLACING SAME IN A SEALED ENVELOPE and depositing same in the United States Mail at the Delaware Correctional Center, 1181 Paddock Road, Smyrna, DE 19977.

On this **1st** day of **October**, 2006

*Harry L. Samuel*, Pro se

Exhibit

FM Harry Samuel
SBI# 201360   UNIT 23 B 2, U
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

legal Mail

TO: office of the Clerck
United States District Court
844 N. King Street, Lockbox 18
Wilmington, Delaware
19801-3570