IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HARRY L. SAMUEL, | ) | |
| | ) | C.A. No. 05-037- SLR |
| Plaintiff, | ) | JURY OF 12 DEMANDED |
| | ) | |
| v. | ) | |
| | ) | |
| THOMAS CARROLL, et al., | ) | |
| | ) | |
| Defendants, | ) | |

## MOTION FOR SUMMARY JUDGMENT

Pursuant to F.R.C.P. 56 and 12 (b)(6), defendant First Correctional Medical ("FCM") moves the court for an order dismissing all claims in the complaint against them on the grounds that the complaint fails to state a claim upon which plaintiff may recover. In support of its motion, FCM offers the following:

### Background

1. Plaintiff is an inmate in the Delaware correctional system.

2. Defendant FCM was the health care provider for the Delaware correctional system from July 1, 2002 to June 30, 2005.

3. Plaintiff filed his complaint on January 25, 2005. D.I. 2. Plaintiff filed an amended complaint against FCM on October 31, 2005. D.I. 34.

4. In his complaint, plaintiff alleges civil rights violations pursuant to 42 *U.S.C.* §1983 against FCM in connection with alleged improper dental treatment.

### Legal Standards

5. There is no vicarious liability for civil rights claims. *Hyson v. Correctional Medical Services*, C.A. No. 02-318 (SLR), mem. order at 2-3, Robinson, C.J. (D.Del. Feb. 6, 2003) (copy

attached as Exhibit 1).  Personal involvement by a defendant is required.  *Id.*, mem. op. at 3.

6. Pursuant to 18 Del. C. § 6853 (a)(1), an affidavit of merit must accompany a medical negligence complaint filed after October 9, 2003, or "the clerk of court shall refuse to file the complaint and it shall not be docketed with the court."

7. Where the Clerk of Court or Prothonotary mistakenly accepts a medical negligence complaint without an affidavit of merit, the defendant's remedy is a dismissal. *Jackson v. First Correctional Medical Services*, 380 F. Supp. 2d 387, 392 (D. Del.2005).

8. Prior to filing a civil lawsuit, an inmate must exhaust all administrative remedies. *Hyson*, mem. order at 2 (citing Prison Litigation Reform Act, 42 *U.S.C.* §1997e(a)).

9. Under these legal standards, defendant FCM submits that dismissal is warranted because plaintiff's complaint fails to state a claim against them upon which relief could be recovered.

<u>Plaintiff has Failed to State a Claim against the FCM Defendants</u>

10. Plaintiff has named FCM as a defendant in this matter.  However, plaintiff has failed to identify or serve any individual who is responsible for the alleged negligence in his complaint.  Personal involvement by a defendant is a prerequisite to filing suit. *Hyson*, mem. order at 3.  There is no vicarious liability for civil rights actions, so the complaint fails to state a claim against FCM. *Id.*

<u>Plaintiff has Failed to File an Affidavit of Merit</u>

11. Plaintiff's complaint was not accompanied by either an affidavit of merit or a motion to extend the time for filing such affidavit.  As such, plaintiff state law claims must be dismissed as a matter of law. *Jackson*, 380 F. Supp. 2d at 392.

<u>Plaintiff Failed to Exhaust Administrative Remedies</u>

12.     Plaintiff failed to exhaust all available administrative remedies prior to filing this legal action.  Plaintiff asserts in his initial complaint that he did not file a grievance regarding the allegations in the complaint, D.I. 2.  Plaintiff makes no mention of filing a grievance at all in the Amended Complaint, D.I. 34.  Therefore, by his own statements, plaintiff fails to establish that the administrative process was complete and thus, plaintiff failed to exhaust all administrative remedies.  In the absence of proof of exhaustion of all administrative remedies, plaintiff's complaint must be dismissed.  *Hyson*, mem. order at 3.

<u>Conclusion</u>

13.  For the above reasons, the FCM respectfully requests that all claims against them be dismissed with prejudice.

**McCULLOUGH & McKENTY, P.A.**

<u>/s/ Dana Spring Monzo</u>
Daniel L. McKenty Del. Bar # 2689
Dana Spring Monzo Del. Bar # 4605
1225 N. King Street, Suite 1100
P.O. Box 397
Wilmington, DE 19899-0397
(302) 655-6749
Attorneys for First Correctional Medical

Dated: February 28, 2007

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HARRY L. SAMUEL, ) | |
| ) | C.A. No. 05-037- SLR |
| Plaintiff, ) | JURY OF 12 DEMANDED |
| ) | |
| v. ) | |
| ) | |
| THOMAS CARROLL, et al., ) | |
| ) | |
| Defendants, ) | |

## CERTIFICATE OF SERVICE

I, Dana Spring Monzo, do hereby certify that on this date two copies of **Motion for Summary Judgment** were served by first class mail, postage prepaid, and electronic service on the following individuals:

Ophelia Waters, Esquire
Department of Justice
820 N. French Street
6th Floor
Wilmington, DE 19801

Harry L. Samuel
SBI# 201360
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

/s/ Dana Spring Monzo
Daniel L. McKenty Del. Bar # 2689
Dana Spring Monzo Del. Bar # 4605
1225 N. King Street, Suite 1100
P.O. Box 397
Wilmington, DE 19899-0397
(302) 655-6749
Attorneys for First Correctional Medical

Dated: February 28, 2007

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **HARRY L. SAMUEL,** ) | |
| ) | C.A. No. 05-037- SLR |
| **Plaintiff,** ) | JURY OF 12 DEMANDED |
| ) | |
| v. ) | |
| ) | |
| **THOMAS CARROLL, et al.,** ) | |
| ) | |
| **Defendants,** ) | |

## ORDER

And now this _____ day of _____, 2007, having considered First Correctional Medical's Motion for Summary Judgment and any opposition thereto,

It is HEREBY ORDERED that First Correctional Medical's Motion for Summary Judgment is granted.

_____
J.