17868/363559

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HARRY L. SAMUEL,<br><br>Plaintiff,<br><br>v.<br><br>WARDEN THOMAS CARROLL, et al.,<br><br>Defendants. | C.A. No. 05-037- SLR<br><br>JURY OF 12 DEMANDED |

### DEFENDANT FIRST CORRECTIONAL MEDICAL'S ("ANSWERING DEFENDANT'S") RESPONSES TO PLAINTIFF'S DISCOVERY

1.   Any and all policies, directives, custom, procedure or instructions to staff concerning the use of handcuff restraints, behind plaintiff's back during dental treatment in the Delaware Correctional Center MHU, Maximum Security Unit 21, from September 5, 2004 to September 7, 2006.  If the policies, directives, custom, procedure is different for MHU maximum segregation inmates than for general population inmates, state both policies, directives, custom, procedure or instructions.  If those policies, directives, custom, procedure or instructions are set forth in any policy, directive, custom, procedure or instructions or other document, produce the document.

   **RESPONSE: Answering defendant does not have policy or procedures regarding handcuffs.  This is a security issue and is handled by the Department of Correction.**

2.   Any and all policies, directives, custom, procedure or instructions to staff, First Correctional Medical and Correctional Medical Service, Inc., concerning filling inmates/plaintiff tooth/teeth at the Delaware Correctional Center MHU Maximum Security Unit 21 during September 5, 2004 to September 7, 2006.  If the policies, directives, custom, procedure is different for MHU maximum segregation inmates than

17868/363559

for general population inmates, state both policies, directives, custom, procedure, regulations or instructions. If those policies, directives, custom, procedure, regulations or instructions are set forth in any policy, directive, custom, procedure, regulations or instruction or other document, produce the document.

 **RESPONSE: See attached policy on priority appointments.**

3. State the duties of defendant Thomas Carroll and Rob Young, insofar as they pertain to restraints, handcuffing plaintiff behind plaintiff back while forced to sit in the dental chair handcuff behind the back during dental treatment. If those duties are set forth any job description or other document produce the document.

 **RESPONSE: Thomas Carroll and Rob Young were not employees of answering defendant; no information is available.**

4. State the duties of defendant Thomas Carroll, First Correctional Medical and Correctional Medical Service, Inc., insofar as they pertain to ensuring that inmates/plaintiff tooth is filled in a timely manner. If those duties are set forth in any job description or other document, produce the document.

 **RESPONSE: Answering defendant's duties were to make sure any inmate's dental services were handled in a timely manner based on the policy that inmates with serious dental issues took priority over inmates with routine dental issues.**

5. State the dates with all names, titles and duty of all Delaware Correctional Center Staff and First Correctional Medical and Correctional Medical Service, Inc., that responded to, examined, treated, filled plaintiff tooth from September 5, 2004 to September 7, 2006. If those duties are set forth in any job description or other document, produce the document.

17868/363559

**RESPONSE: Kathy Kionke-Dental Director & Dentist, Georgianna Mickens-Dental Assistant. When answering defendant's contract with the Delaware Department of Correction expired, all records were left behind at the prison healthcare facility. The only records that answering defendant has are those that were previously provided by plaintiff and those records that are attached to our responses herein.**

6. State the names, titles and duty of all staff members, at the Delaware Correctional Center, First Correctional Medical and Correctional Medical Services, Inc. who have responsibility for responding to, examining, treating, filling plaintiff tooth/teeth from September 5, 2004 to September 7, 2006. If those responsibilities, duty are set forth in any job description or other document, produce the document.

**RESPONSE: Answering defendant is not involved in the policy or procedure of handcuffing inmates. This is a prison Security issue handled by the Department of Correction.**

7. State the names, titles and duty of all staff members at the Delaware Correctional Center who have responsibility for plaintiff being in handcuff restraints behind plaintiff back while in the dental chair during dental treatment from September 5, 2004 to June 30, 2006. If those responsibility and duty are set forth in any job description, policy or other document, produce the document.

**RESPONSE: See answer to Interrogatory #1.**

8. State the reason plaintiff was put in restraints during dental treatment from September 5, 2004 to June 30, 2006.

17868/363559

**RESPONSE: The only records that answering defendant has are those that were previously provided by plaintiff and those records that are attached to our responses herein.**

9. Produce any logs, lists, or other documentation reflecting grievance filed by plaintiff at the Delaware Correctional Center from September 5, 2004 to September 7, 2006.

**RESPONSE: The only records that answering defendant has are those that were previously provided by plaintiff and those records that are attached to our responses herein.**

10. Produce any and all documents created by any Delaware Correctional Center staff members, First Correctional Medical and Correctional Medical Service, Inc. in response to grievance filed by the plaintiff in 2004 concerning plaintiff dental care problem and treatment.

**RESPONSE: The only records that answering defendant has are those that were previously provided by plaintiff and those records that are attached to our responses herein.**

11. State the date of response with the names, titles, and duties of all staff members at the Delaware Correctional Center, First Correctional Medical and Correctional Medical Service, Inc. who responded to and who have responsibility for responding to, investigating or deciding plaintiff grievance filed in 2004. If those duties are set forth in any job description, policy, directive, or other document, produce the document.

**RESPONSE: Answering defendant's employees who were responsible for the grievance process were:**

**Gina Wolken, Facility Operations Supervisor who oversaw the Medical & Dental Unit in regards to complaint issues; Amy Munson, Health Administrator**

who oversees the entire Medical & Dental Units in all capacities; April Lyons, Health Administrator for Gander Hill receiving training from Amy Munson; Suesann Rikards, Health Administrator for Sussex Correctional was at DCC to assist Amy Munson with facility issues.

                                        HECKLER & FRABIZZIO, P.A.

                                        /s/ Gerald J. Hager
                                        Daniel L. McKenty, *DE Bar No. 2689*
                                        Gerald J. Hager, *DE Bar No. 4097*
                                        The Corporate Plaza
                                        800 Delaware Avenue, Suite 200
                                        P.O. Box 128
                                        Wilmington, DE  19899-0128
                                        ghager@hfddel.com
                                        302-573-4800
                                        Attorneys for Defendant
                                        First Correctional Medical

Date: September 24, 2007

| | Policy: D-9    Pages: 4 |
|---|---|
| **FCM** — First Correctional Medical — Leading the Way in Correctional Healthcare | Related A.C.A. Standards: 3-ALDF-4E-19, 3-ALDF 4E-23, ACI 3-4347 |
| | Related NCCHC Standards: P-E-06, P-E-08 |
| Chapter: Health Care<br>Subject: Routine and Emergency Dental Care | Review Date: Annually<br>Reviewer: FCM Director, Medical Services |
| CEO, First Correctional Medical | Effective Date: 1 July 2002<br><br>Revisions: 9 April 2003 |

I. **AUTHORITY:**

This policy is issued in compliance with the corporate policy of First Correctional Medical, which delegates to the Warden the authority to manage all aspects of the prison.

II. **PURPOSE:**

To promote standardized guidelines for provision of routine and emergency dental care.

III. **APPLICABILITY:**

To all First Correctional Medical-Delaware L.L.C. staff and Delaware State inmates.

IV. **DEFINITIONS:**

None.

V. **POLICY:**

Routine and emergency dental care is provided to each inmate under the direction and supervision of a dentist with appropriate state and federal licensure.

The individual treatment plan includes the following:

A.  Dental screening, unless completed within the last six (6) months, conducted on initial intake with instruction on dental hygiene.

B.  Dental examination within thirty (30) days, supported by x-rays if necessary,

| Subject: Routine and Emergency Dental Care | Page 2 of 4 |
|---|---|
| Chapter: Health Care | Policy Number: D-9 |

based on information from intake screening.

 C. A defined charting system that identifies the oral health condition and specifies the priorities of treatment by categories.

 D. Consultation with referral to recognized specialists in dentistry.

VI. **PROCEDURE:**

 A. Dental screenings are conducted during initial intake. Oral hygiene instructions should be included in this screening.

 B. Preventative oral education and instruction in oral hygiene is given after one month of admission. An oral examination by a dentist will be performed within 30 days of admission for prison facilities and within 12 months of admission for jails. The oral examination includes patient history, examination of tissues of the oral cavity using proper illumination, mouth mirror and explorer, and extra oral head and neck examination.

 C. Routine dental care is provided by appointment. Inmates are expected to report on time for their appointments. A new appointment will be scheduled on a space available basis. Notation of the missed appointment will be entered in the inmate's dental chart.

 D. Inmates may send a sick call request to the dental department for routine dental care as prophylaxis (cleaning), extractions, fillings, or for dental inquires.

 E. All sick call requests are logged and answered within five working days by the dentist or dental staff.

 F. Dental issues that cannot be handled within the limits of the institutional dental clinic will be forwarded to the Statewide Medical Director on a Consult Request for possible evaluation by an FCM contracted Oral Surgeon. The following conditions will be subject to referral to the oral clinic:

  1. Follow up care for jaw and facial bone fractures that have initially been evaluated and treated in an emergency department.
  2. Bony or soft tissue impaction of 3rd molars that are chronically irritated or pathologic.
  3. Severe odontogenic infections
  4. Oral pathologies, bony or soft tissue pathologies

FCM Delaware L.L.C. State of Delaware Facilities Proprietary Information. Not for Redistribution.

| Subject: Routine and Emergency Dental Care | Page 3 of 4 |
|---|---|
| Chapter: Health Care | Policy Number: D-9 |

      5.    Temporomandibular joint dysfunction (myofacial pain).
      6.    Pre-prosthetic surgery cases.

G.    During normal scheduled hours, Monday through Friday, all dental emergencies will be forwarded to the infirmary dental clinic for evaluation. Treatment will be prioritized based upon level of need. Those inmates forwarded to the dental clinic with chronic or acute problems of a non-urgent nature will be treated during the next available dental screening.

H.    After hours emergencies will be assessed by the nursing staff and the Medical Director will be notified of the need for emergency care. The Medical Director will determine whether the inmate should be transferred to the appropriate emergency facility. Emergency dental care is provided by FCM-O contracted dental services.

I.    Transport will be notified on the appropriate transport form and the Institutional Dental Director will be notified the next working day. In cases of potentially life threatening circumstances, the inmate will be transported to Brown Memorial Hospital Emergency Department for assessment, stabilization and/or treatment.

J.    Dental records will be maintained as confidential documents and include, in all cases of trauma to teeth or bone:

      1.    Initial oral and/or extra oral radiographs.
      2.    Study models, if applicable.
      3.    Full face and lateral face snapshots

K.    An Informed Consent for Extraction must be completed before any tooth including surgical extraction is accomplished

L.    After an extraction an oral surgery aftercare sheet may be issued.

VII.    <u>MONITORING/EVALUATION</u>:

This policy is applicable without changes as noted to the following facilities:

- Sussex Correctional Institution
- Delaware Correctional Center
- Baylor Women's Correctional Institution
- Gander Hill Multi-Purpose Criminal Justice Facility

FCM Delaware L.L.C. State of Delaware Facilities Proprietary Information. Not for Redistribution.

| Subject: Routine and Emergency Dental Care | Page 4    of    4 |
|---|---|
| Chapter: Health Care | Policy Number: D-9 |

VIII. <u>ATTACHMENTS</u>:

    1. Informed Consent for Extraction of Teeth
    2. Oral Surgery Aftercare Instruction Sheet

FCM Delaware L.L.C. State of Delaware Facilities Proprietary Information. Not for Redistribution.

17868/363559

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HARRY L. SAMUEL, ) | |
| ) | C.A. No. 05-037- SLR |
| Plaintiff, ) | |
| ) | JURY OF 12 DEMANDED |
| v. ) | |
| ) | |
| WARDEN THOMAS CARROLL, et al., ) | |
| ) | |
| Defendants. ) | |

## CERTIFICATE OF SERVICE

I certify that, on September 24, 2007, copies of *Defendant First Correctional Medical's Responses to Plaintiff's Discovery* were served upon the following individuals:

*Via Electronic Service*
Ophelia Waters, Esquire
Department of Justice
820 N. French Street
6th Floor
Wilmington, DE 19801

*Via First Class Mail*
Harry L. Samuel
SBI# 201360
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

/s/ Gerald J. Hager
Gerald J. Hager, *DE Bar No. 4097*