17868/363581

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HARRY L. SAMUEL, | ) | |
| | ) | C.A. No. 05-037- SLR |
| Plaintiff, | ) | |
| | ) | JURY OF 12 DEMANDED |
| v. | ) | |
| | ) | |
| WARDEN THOMAS CARROLL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT FIRST CORRECTIONAL MEDICAL'S ("ANSWERING DEFENDANT'S") RESPONSES TO PLAINTIFF'S ADDITIONAL DISCOVERY REQUESTS

17. Any and all of the Delaware Correctional Center and First Correctional Medical Regulations and Policies on handcuffs mechanical restraints, insofar as mechanical restraints handcuffs shall never be used in a way that causes undue physical discomfort, inflicts physical pain or in any way restricts the blood circulation or breathing of an inmate insofar as the handcuffs pertain to plaintiff being forced to wear handcuffs in the rear while in the dental chair while plaintiff was forced to be handcuffed in the rear during dental treatment by correctional officer Rob Young in September, 2004 to September 2005, (10/7/2004).

**RESPONSE: Answering defendant does not have policies or procedures regarding handcuffs. This is a security issue that is handled by the Department of Correction.**

18. State the name, title and duty of the person responsible for the regulations and policies on mechanical restraints in the FCM/Delaware Correctional Center MHU on 10/7/2004 and (September, 2004 to September, 2005), insofar as the restraints pertain to while a inmate is being seated in and sitting in the dental chair while handcuffed in the

17868/363581

rear during dental treatment the handcuffs shall never be used in a way that causes undue physical discomfort, inflicts physical pain or in any way restricts the blood circulation.

**RESPONSE: Answering defendant does not know who in the Department of Correction is responsible for the policies regarding handcuffs.**

19. State the name, title and duty of Rob Young's supervisor on 10/7/2004 (September, 2004 to September, 2005) on the 8 to 4 shift that is responsible for Rob Young's actions. Insofar as they pertain to over seeing Rob Young's use of mechanical restraints handcuffs on inmates/plaintiff, in the rear during dental treatment, pertaining to restraint handcuff Regulations that ensure that handcuffs are not to be used in a manner to cause undue discomfort or inflict pain while an inmate is seated and getting treatment in the dental chair. Produce the document.

**RESPONSE: Rob Young was not an employee of answering defendant; therefore, that information is unavailable to answering defendant.**

20. Any and all of the Delaware Correctional Center and First Correctional Medical Regulations and policy on denying and delaying filing an inmate/plaintiff tooth. Insofar as the regulations and policy pertain to denial and delay of filling an inmate/plaintiff tooth shall not be denied or delayed in a way that cause a inmate/plaintiff undue suffering and pain. Produce the document from 10/7/2004 (9, 2004 to 9, 2005).

**RESPONSE: See attached policy on priority appointments.**

21. State the name, title and duty of the Delaware Correctional Center staff member and First Correctional Medical staff member and or person responsible for the DCC and FCM Regulations and Policy, insofar as the staff member or person oversees the Regulations and Policy in ensuring that filling a inmate/plaintiff tooth is done in a timely manner that do not cause undue suffering and pain. Produce the document from 10/7/2004 (9, 2004 to 9, 2005).

**RESPONSE:  Amy Munson, Health Administrator, oversaw the policy for dental issues for answering defendant.**

22. State the reason it took a year to fill plaintiff's tooth from 9, 2004 to 9, 2005 and why FCM never filled plaintiff tooth at all.

**RESPONSE:  The inmate was notified by Dr. Kionke that it would take 8-9 months to have a filling put in.  His original sick call was made 09/07/04 and so 9 months from then would be 06/07/05.  Answering defendant was no longer under contract with the Delaware Department of Corrections as of 06/30/05 and CMS, who took over the contract, scheduled plaintiff for 09/07/05 since answering defendant would not be there to follow up on the inmate.**

23. State how many months FCM should fill an inmate/plaintiff's tooth which is an acceptable standard of decency.  Plaintiff does not seek personal information.  Plaintiff seeks discovery insofar as the claims in dispute.

**RESPONSE:  Answering defendant's policy was that inmates would be seen for dental issues based on the priority of the dental issues.**

HECKLER & FRABIZZIO, P.A.

/s/ Gerald J. Hager
Daniel L. McKenty, *DE Bar No. 2689*
Gerald J. Hager, *DE Bar No. 4097*
The Corporate Plaza
800 Delaware Avenue, Suite 200
P.O. Box 128
Wilmington, DE  19899-0128
ghager@hfddel.com
302-573-4800
Attorneys for Defendant
First Correctional Medical

17868/363581

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HARRY L. SAMUEL, ) | |
| ) | C.A. No. 05-037- SLR |
| Plaintiff, ) | |
| ) | JURY OF 12 DEMANDED |
| v. ) | |
| ) | |
| WARDEN THOMAS CARROLL, et al., ) | |
| ) | |
| Defendants. ) | |

## CERTIFICATE OF SERVICE

I certify that, on September 24, 2007, copies of *Defendant First Correctional Medical's Responses to Plaintiff's Additional Discovery Requests* were served upon the following individuals:

*Via Electronic Service*
Ophelia Waters, Esquire
Department of Justice
820 N. French Street
6th Floor
Wilmington, DE 19801

*Via First Class Mail*
Harry L. Samuel
SBI# 201360
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

/s/ Gerald J. Hager
Gerald J. Hager, *DE Bar No. 4097*