IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HARRY L. SAMUEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-37-SLR-SRF |
| ) | |
| FIRST CORRECTIONAL MEDICAL, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

**I. INTRODUCTION**

Plaintiff Harry L. Samuel ("Samuel" or "plaintiff"), who proceeds pro se and in forma pauperis,[1] filed this lawsuit on January 25, 2005, alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. (D.I. 2) Presently before the court is plaintiff's motion to satisfy the judgment. (D.I. 156) For the reasons set forth below, I recommend that the court deny plaintiff's motion.

**II. BACKGROUND**

Plaintiff, an inmate at the Delaware Correctional Center ("DCC") in Smyrna, Delaware, began experiencing pain and discomfort in one of his teeth in the summer of 2004. Plaintiff requested dental treatment, but was not seen by a dental assistant until October 7, 2004. (D.I. 31 at 3; D.I. 77 at 4) The dental assistant informed plaintiff that he would have to wait eight to nine months for a filling. (*Id.*) Plaintiff filed a grievance report, and the Bureau Grievance Officer ("BGO") issued a decision on March 17, 2005, recommending that "First Correctional Medical

---

[1] On November 13, 2007, the court entered an order for the Clerk of Court to attempt to refer representation of plaintiff to a member of the Federal Civil Panel. (D.I. 132) Plaintiff was represented by an attorney from January 3, 2008 until July 17, 2013, when the court granted appointed counsel's motion to withdraw as counsel. (D.I. 155)

resolve the dental services availability problem," noting that "inordinate delays lead to more serious and expanding medical related issues," and declaring "an 8 to 9 month wait for tooth repair . . . unacceptable." (D.I. 2) The Bureau Chief "concur[red] with the recommendation of the BGO." (D.I. 117, Ex. 22 at 6)

First Correctional Medical ("FCM") contracted with the State of Delaware to provide health care to the Delaware Department of Correction from July 1, 2002 through June 30, 2005. (D.I. 135 at ¶ 1) On July 1, 2005, Correctional Medical Service ("CMS") replaced FCM as the contract medical provider for DCC. (D.I. 34 at 1) Plaintiff's tooth was finally filled on September 7, 2005.

Plaintiff commenced this suit in January 2005 and filed an amended complaint on October 31, 2005 against Warden Thomas Carroll (the "Warden"), Lieutenant Porter, Counselor Kramer, Correctional Officer Robert Young (collectively, the "State defendants"), the Institutional Based Classification Committee ("IBCC"), CMS, and FCM. (D.I. 2, 34) In March 2006, the State defendants and CMS filed motions to dismiss for failure to state a claim. (D.I. 53, 60) The court granted the motions to dismiss and found that only plaintiff's claims against FCM survived. (D.I. 100, 101) Specifically, with respect to plaintiff's claim that the delay in dental treatment amounted to deliberate indifference, the court held that "a material fact remains in issue with regard to the conduct of FCM," but "liability does not lie with the State defendants nor with CMS." (D.I. 100 at 13)

On February 8, 2008, counsel for FCM moved to withdraw from the case, citing FCM's financial difficulties and inability to meet its financial obligations with respect to the lawsuit. (D.I. 135 at ¶¶ 7-12) The motion was granted on April 4, 2008. (D.I. 137) No new counsel has entered an appearance on FCM's behalf since April 4, 2008, and FCM failed to appear at a

2

hearing before the court on September 29, 2008. On September 30, 2008, the court entered judgment in favor of plaintiff and against FCM in the amount of ten thousand dollars ($10,000.00). (D.I. 146) The award "serves to compensate plaintiff for injuries, including pain and suffering, caused by defendant's deliberate indifference to plaintiff's serious medical needs." (*Id.*)

Plaintiff's former appointed counsel represented that numerous efforts were made to enforce the judgment against FCM, but FCM had no assets in Delaware, and efforts to enforce the judgment in Arizona were also unsuccessful due to FCM's lack of assets. (D.I. 154 at ¶ 3) Plaintiff urged his former appointed counsel to pursue collection of the judgment against the State of Delaware or Department of Corrections but, finding no legal basis to do so, plaintiff's counsel moved to withdraw from the case. (*Id.* at ¶¶ 4-7) The court granted the motion to withdraw on July 17, 2013. (D.I. 155) Plaintiff subsequently filed the instant motion, acknowledging that enforcement of the judgment against FCM is futile, but seeking to enforce the judgment against the State of Delaware and the Department of Corrections, as well as the Warden and CMS. (D.I. 156)

### III. ANALYSIS

As a preliminary matter, plaintiff's efforts to enforce the judgment against the State of Delaware and/or the Delaware Department of Corrections are barred under the Eleventh Amendment of the United States Constitution.[2] The Eleventh Amendment protects states and

---

[2] Although the Eleventh Amendment is generally applied to bar causes of action brought in a complaint, as opposed to precluding efforts to collect a judgment, courts have applied the Eleventh Amendment analysis in factually analogous cases. *See Jones v. Courtney*, 466 F. App'x 696, 697-98 (10th Cir. 2012) (barring efforts of pro se prisoner to enforce judgment entered pursuant to § 1983 against non-party state actors); *see also In re Sec'y of Dep't of Crime Control & Pub. Safety*, 7 F.3d 1140, 1142 (4th Cir. 1993); *Ortiz-Feliciano v. Toledo-Davila*, 175 F.3d 37 (1st Cir. 1999).

3

their agencies and departments from suit in federal court regardless of the kind of relief sought. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Accordingly, § 1983 claims for monetary damages against a State or state agency are barred by the Eleventh Amendment. *Stones v. McDonald*, ---- F. Supp. 2d ----, 2014 WL 26810, at *6 (D. Del. Jan. 2, 2014).

Moreover, the State of Delaware and the Department of Corrections were not named as defendants in the complaint, and have not been named as parties to the action to date. In the September 30, 2008 order, the court specified that the $10,000 judgment was entered "against defendant First Correctional Medical." (D.I. 146) The court entered the judgment only after conducting an evidentiary hearing on the amount of damages to be awarded. (D.I. 143) Consequently, the State of Delaware and the Department of Corrections have not had an opportunity to respond to and defend against plaintiff's allegations. *See RBC Bearings, Inc. v. Think Section Bearings, Inc.*, 2007 WL 2727160, at *2 (D. Conn. Sept. 18, 2007).

Plaintiff also seeks to enforce the judgment against the Warden and CMS. (D.I. 156 at 5 ¶ 7) The Warden and CMS were named as defendants in the complaint, but were dismissed from the action on December 4, 2006 after the court expressly determined that they were not liable for plaintiff's injuries. (D.I. 100 at 13) The court cannot now recommend enforcement of the judgment against former parties who have been cleared of liability and dismissed from the action.

## IV. CONCLUSION

For the reasons stated above, I recommend that the court deny plaintiff's motion. (D.I. 156)

4

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b)(2). The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the district court. *See Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987); *Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006). The objections and responses to the objections are limited to ten (10) pages each.

The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available at http://www.ded.uscourts.gov.

Dated: February 4, 2014

Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE

5